## ROHDE v. GRANT SMITH PORTER CO.

(District Court, D. Oregon. June 23, 1919.)

1. ADMIRALTY ⊚⟶20—JURISDICTION—TORTS—PERSONAL INJURIES.

A servant's personal injuries, occurring not only on navigable waters, but while libelant was at work on a vessel, constitute a maritime tort, of which the admiralty court has jurisdiction.

2. ADMIRALTY ⊚⟶20—JURISDICTION—PERSONAL INJURIES—STATE LAWS NOT EXCLUSIVE REMEDY.

As the federal courts, under Act Oct. 6, 1917 (Comp. St. 1918, §§ 991 [3], 1233), have cognizance of all civil causes of admiralty and maritime jurisdiction, exclusive of the state courts, saving to suitors the common-law remedies, and the rights and remedies under the Workmen's Compensation Act of any state, if they elect to pursue them, the remedy under the Oregon Compensation Act as amended is not exclusive, and the federal courts must administer maritime law unaffected by state statutes.

3. ADMIRALTY ⊚⟶20—MARITIME TORTS—LIABILITY MEASURED BY FEDERAL AND NOT STATE LAW.

Where an employé seeks redress for a maritime tort in an admiralty court, either in rem or in personam, the rights, obligations, and liabilities of the respective parties must be measured by the maritime law, as provided by Congress, or the general principles thereof, and the right cannot be barred, enlarged, or taken away by state legislation.

In Admiralty. Libel by Hermann L. Rohde against the Grant Smith Porter Company. On hearing upon exceptions to the jurisdiction. Exceptions overruled.

Lee Roy E. Keeley, of Los Angeles, Cal., for libelant.
Carey & Kerr and Chas. A. Hart, all of Portland, Or., for respondent.

BEAN, District Judge. This is a libel in personam, brought by an employé of the respondent to recover damages for a personal injury alleged to have been received while doing carpenter work on a vessel after it had been launched, machinery installed, and practically completed, due, it is alleged, to the actionable negligence of the respondent. Exceptions have been filed on the grounds (1) that the court is without jurisdiction, because the injury complained of is not a maritime tort; and (2) if it is a maritime tort, and the court has jurisdiction, the libelant is denied a recovery because of the Oregon Compensation Act.

[1] The questions thus raised are doubtful and not easy of solution. I only state my best information, after carefully considering them, and without elaboration. As a general rule the test of admiralty jurisdiction in cases of tort is locality, and where the wrong complained of is committed wholly upon the high seas, or navigable waters, it is within such jurisdiction. 1 Cyc. 842; Swayne & Hoyt v. Barsch, 226 Fed. 581, 141 C. C. A. 337; The Plymouth, 3 Wall. 20, 18 L. Ed. 125; Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 Sup. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157; Leathers v. Blessing, 105 U. S. 626, 26 L. Ed. 1192.

⊚⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The injury complained of in this case, it is alleged, occurred not only on navigable waters, but while the libelant was at work on a vessel (under Judge Deady's interpretation of that term in The Eliza Ladd, Fed. Cas. No. 4,364). It would seem, therefore, to constitute a maritime tort, of which the admiralty court has jurisdiction.

[2] The contention that the court is denied the right to proceed with the case, and afford relief according to the rules applicable, if the libelant is entitled thereto, because of the Oregon Compensation Act (Laws 1913, p. 188, as amended), is, in my judgment, not sound. The Constitution of the United States and the Judiciary Act give the courts of the United States cognizance of all civil causes of admiralty and maritime jurisdiction, exclusive of the state courts, saving to suitors the right to a common-law remedy where the common law is competent to give it, and the rights and remedies under the Workmen's Compensation Act of any state. Act Oct. 6, 1917, c. 97, 40 Stat. 395 (Comp. St. 1918, §§ 991[3], 1233). The rights and remedies under the common law and the state Compensation Acts are not given by the Judiciary Act; but they are saved by it and are open to the libelant, if he elects to pursue them, but they are not his exclusive remedy. From a very early age the courts of admiralty have exercised jurisdiction over maritime torts. "Every species of tort," says the court in The Plymouth, supra, "however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance," and it is well settled that the maritime law must be administered by the federal courts where they have jurisdiction unaffected by state statutes. The Theilbok, 211 Fed. 685; 241 Fed. 209, 154 C. C. A. 129; Butler v. Boston S. S., 130 U. S. 527, 9 Sup. Ct. 612, 32 L. Ed. 1017; Swayne & Hoyt v. Barsch, supra; The Henry B. Smith (D. C.) 195 Fed. 312; Atlantic Transport Co. v. Imbrovek, supra; The Moses Taylor, 4 Wall. 412, 18 L. Ed. 397; The Lottawanna, 21 Wall. 558, 22 L. Ed. 654; The Chelentis, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171; Workmen v. Mayor, 179 U. S. 552, 21 Sup. Ct. 212, 45 L. Ed. 314; Southern Pac. Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900.

Judge Story says in The Chusan, Fed. Cas. No. 2,717:

"In the exercise of this admiralty and maritime jurisdiction, the courts of the United States are exclusively governed by the legislation of Congress, and, in the absence thereof, by the general principles of the maritime law. The states have no rights to prescribe the rules by which the courts of the United States shall act, nor the jurisprudence which they shall administer. If any other doctrine were established, it would amount to a complete surrender of the jurisdiction of the courts of the United States to the fluctuating policy and legislation of the states. If the latter have any right to prescribe any rule, they have a right to prescribe all rules—to limit, control, or bar suits in the national courts. Such a doctrine has never been supported, nor has it for a moment been supposed to exist, at least as far as I have any knowledge, either by any state court or national court within the whole Union. For myself, I can only say that, during the whole of my judicial life, I have never, up to the present hour, heard a single doubt breathed upon the subject."

[3] Counsel for respondent makes a distinction between jurisdiction and the right of recovery, claiming that, while an admiralty court may,

259 F.—20

because of the locality, have jurisdiction of a suit by an employé against his employer to recover damages for a personal injury due to the negligence of the latter, the right is not one given by the general maritime law, and therefore the relief, if any, is governed by the common law, modified by statute.

I do not so read the decisions. That was in principle the question presented in the Jensen Case, which involved the right of the workmen's commission of New York to compel the employer of a stevedore killed while unloading a vessel in New York Harbor to pay the award of the commission to his widow and children, as provided by the local law. The employer defended on the ground that his liability, if any, was to be determined by the maritime law, and not the local statute, and his position was sustained; the court saying:

"Article 3, § 2, of the Constitution, extends the judicial power of the United States 'to all cases of admiralty and maritime jurisdiction;' and article 1, § 8, confers upon the Congress power 'to make all laws which may be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the government of the United States, or in any department or officer thereof.' Considering our former opinions, it must now be accepted as settled doctrine that in consequence of these provisions Congress has paramount power to fix and determine the maritime law which shall prevail throughout the country. * * * And further that, in the absence of some controlling statute, the general maritime law as accepted by the federal courts constitutes part of our national law, applicable to matters within the admiralty and maritime jurisdiction."

I conclude, therefore, that where a party seeks redress for a maritime tort in an admiralty court, either in rem or in personam, the rights, obligations, and liabilities of the respective parties must be measured by the maritime law as provided by Congress, or the general principles thereof, and that the right cannot be barred, enlarged, or taken away by state legislation.

Exceptions will therefore be overruled.