### No. 408

### First Circuit

## GAINES v. GULF COAST TOWING CO., INC.

(March 6, 1929. Opinion and Decree.)

Morgan and Simmons, of Covington, attorneys for plaintiff, appellee.

Miller and Heintz, of Covington, attorneys for defendant, appellant.

ELLIOTT, J., dissents for written reasons.

LECHE, J. Plaintiff is the widow of Milton Gaines and she sues under the Employers' Liability Law of this State for compensation which she claims has accrued to her as the result of the death of her husband.

Gaines was employed by defendant and was actually performing duties as captain of a barge which was being used for carrying and driving piles in Lake Pontchartrain, when he fell overboard and was drowned on February 28, 1927.

The main defense is based upon two grounds, viz: (1) That the Court is without jurisdiction for the reason that Gaines' employment was of a maritime nature, and exclusively within the jurisdiction of the United States Admiralty Courts; and (2) that even if the State Court had jurisdiction, the cause of action is preempted under the terms of the Employers' Liability Act, because her present suit was not filed before July 10, 1928, more than one year after the death of her husband.

(1) Plaintiff depends for authority as vesting jurisdiction in State courts in the enforcement of the rights and remedies of the State Employers' Liability Act for compensation to employees injured or killed while engaged in maritime occupations, upon the amendment to the United States Judicial Code adopted by Congress and approved October 6, 1917. According to Article 3, Section 2, paragraph 1, of the Constitution of the United States, its judicial power extends to all cases of admiralty and maritime jurisdiction and by the Judicial Code of the United States, Act of Congress of March 3, 1911, Section 24, paragraph 3, (36 Stat. 1091), the District Courts of the United States are vested with exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction. The amendment adopted by Congress and approved October 6, 1917,

(40 Stat. 395, Sec. 1), had the effect of saving to suitors the rights and remedies under the workmen's compensation law of any State. It was by authority of that amendment that the decision was rendered by our Supreme Court in the case of Veasey vs. Peters, 142 La. 1012, 77 So. 948. But it appears that this amendment to the Judicial Code was declared unconstitutional by the United States Supreme Court in Knickerbocker Ice Co. vs. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. See Lawson vs. New York & P. R. S. S. Co., 148 La. 290, 86 So. 815. So that under this condition of the law, there is no doubt that a State court has no right or power to extend the rights and remedies of the State Employers' Liability Law to persons injured, or to the dependents of such persons when killed while in the performance of maritime occupations.

Plaintiff does not concede that her husband was drowned while he was engaged in a maritime occupation. This is a question of fact which cannot reasonably be solved except on the theory that Gaines was so employed at the time of his death. Both the allegations of plaintiff's petition and the evidence are to the effect that he was captain of a barge which navigated Lake Pontchartrain, that said barge was used to carry piles and that the barge was being used in navigation at the time Gaines was thrown or fell overboard and was drowned. We are clearly of the opinion that his employment by the Gulf Coast Towing Company and his occupation were of a maritime nature. We are therefore also of the opinion that the District Court of this State sitting in and for the Parish of St. Tammany, is without jurisdiction over the subject matter of this suit.

For these reasons it is unnecessary to pass upon the other defense, and it is now ordered that the judgment on appeal

be avoided and reversed and plaintiff's suit is dismissed.

ELLIOTT, J., dissenting. The decedent, Milton Gaines, was employed by the Gulf Coast Towing Company in carrying piling from the north shore of Lake Pontchartrain to the workmen employed in constructing across it the Watson-Williams bridge.

A witness speaks of him as captain of the barge, but if he had any crew the evidence does not show it. In fact it cannot be said from the evidence that there was anybody employed on the barge except him.

The piling was conveyed from the north shore of the Lake to the place where the work of construction was proceeding, by means of a barge which was pulled out from the shore to the place in the Lake where the piling was needed, by a tug, and when unloaded was pulled back.

The decedent was employed on the barge and was on it in the navigable waters of the Lake about two miles from shore, where he either fell or was knocked from it into the Lake, and was drowned.

In the case of Martin vs. West, 222 U. S. 191, 32 S. Ct. 42, 56 L. Ed. 159, 36 L. R. A. (N. S.) 592, it was said:

"As the bridge was essentially a land structure maintained and used as an aid to commerce on land, its locality and character were such, that the tort was non maritime."

This bridge is a permanent local structure not in furtherance of navigation nor of commerce on the sea, nor on the navigable waters of the State, but was being built exclusively for the purpose of travel and commerce on land.

The work of building this bridge was therefore in my opinion not maritime in nature, and the work in which the decedent was employed was not maritime work; therefore the State court in the Parish of St. Tammany had jurisdiction. See in addition Grant-Smith-Porter Ship Co. vs. Rhode, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; Thomas vs. The Francis McDonald, 254 U. S. 242, 41 S. Ct. 65, 65 L. Ed. 245; Industrial Commission vs. Nordenholdt, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013; Miller Underwriters vs. Braud, etc., 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470; Benedicts Admiralty, Sec. 126, p. 101.

For the foregoing reasons, I respectfully dissent.