**L'HOTE et al. v. CROWELL, Deputy Com'r, et al.**

**No. 6270.**

Circuit Court of Appeals, Fifth Circuit.
Dec. 18, 1931.

Rehearing Denied Jan. 16, 1932.

Selim B. Lemle, of New Orleans, La., for appellants.

E. E. Talbot, U. S. Atty., of New Orleans, La., for appellee Crowell.

H. W. Robinson, of New Orleans, La., for appellee Payne.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Richard Payne, a longshoreman, was fatally injured while he was assisting in loading a ship that was afloat in the Mississippi river alongside a wharf at New Orleans. This action was brought under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424 (33 USCA §§ 901–950), by the father of the deceased, who in the District Court was awarded compensation as a dependent against the shipowners and the insurance carrier. They appeal on the grounds that the facts do not bring the case within the purview of the act of Congress above referred to, and that the trial court erred in finding that appellee was dependent upon the deceased for support.

In loading the ship, Richard Payne had been working on the wharf, putting bales of burlap in a sling which was raised from the wharf by means of the ship's tackle and then lowered into the hold. He had been ordered to go on board to assist in closing the ship's hatches when all the bags had been removed from the wharf; and in carrying out that order he rode the last load up from the wharf. As the sling was swinging backward and forward, it struck against either the rail or the side of the ship, with the result that Richard Payne was knocked off the load back on the wharf and fatally injured. There was a general order in force against riding the sling, but whether Richard Payne had knowledge of it was not disclosed by the evidence, although it was shown that he had been working for some time on wharves at New Orleans. A regular gangway furnished a safe passageway between the wharf and the ship. As to his dependency, appellee testified that the deceased contributed regularly $15 a month toward his support; that he was 61 years old, in poor health, physically unable to do manual labor; that he earned about $175 a year cultivating half an acre, which he did not own, and selling the vegetables produced thereon in the open market.

It is often difficult to determine whether a case of this kind falls on one side or the other of the dividing line between state and federal jurisdiction. It is plain enough that if the cause of action arose on land, the state law is applicable. Smith & Son v. Taylor, 276 U. S. 179, 48 S. Ct. 228, 72 L. Ed. 520; and if on navigable water, that it is with the admiralty and maritime jurisdiction. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145. Generally speaking, the compensation law of a state will be held to apply to an injury even though it occur on navigable water, if the employment out of which it arose is a matter of purely local concern and works no material prejudice to the general maritime law. Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; Millers' Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470. In Employers' Liability Assurance Corp. v. Cook, 281 U. S. 233, 50 S. Ct. 308, 74 L. Ed. 823, it was held that the unloading of a ship was exclusively of maritime character and not of purely local concern. By the same token the loading of a ship is within the exclusive maritime jurisdiction. In Nogueira v. Railroad Co., 281 U. S. 128, 50 S. Ct. 303, 74 L. Ed. 754, the Longshoremen's and Harbor Workers' Compensation Act was held to apply to the case of an employee of a railroad company who was engaged in loading freight into cars on a float lying in navigable water, and who was injured while on a plank which ran from the dock to the middle of the float at a steep incline, as a result of a truck which he was trying to hold back getting out of control and skidding down the plank. The injured employee in that case was neither on the wharf nor on the float, but was in between them and going down the plank from the wharf. In this case the longshoreman Payne had finished his work on the wharf and from the time he was lifted from it by the sling by means of the ship's tackle was under the control of an instrumentality of the ship. We are of opinion that his situation was the same as it would have been had he been physically on board the ship. The Hokkai Maru (C. C. A.) 260 F. 569; The Strabo (C. C. A.) 98

F. 998. The fact that the deceased was negligent in riding the sling, instead of using the gangway, does not preclude a recovery. The act which by its terms is to be liberally construed provides that "compensation shall be payable irrespective of fault as a cause for the injury." Section 4, 33 USCA § 904.

On the question of appellee's dependency the evidence is such as that in our opinion we would not be justified in disturbing the finding of the district judge. Compensation is payable whether the dependency be entire or partial. Section 9, 33 USCA § 909; Pocahontas Fuel Co. v. Monahan (C. C. A.) 41 F.(2d) 48, 49.

The judgment is affirmed.