### OAKES et al. v. UNITED STATES et al.
### No. 15945.

District Court, E. D. New York.

Oct. 4, 1940.

Supplemental Opinion Oct. 9, 1940.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., Tompkins, Boal & Tompkins, of New York City, for respondent the United States, for the exceptions.

Tompkins, Boal & Tompkins, of New York City, for respondent Continental Ins. Co. of City of New York, for the exceptions.

William A. Ryan, of Brooklyn, N. Y., for libellant, opposed.

CAMPBELL, District Judge.

This matter comes before the Court upon a hearing of exceptions, heretofore filed, to the libel.

The libel was alleged to be filed pursuant to the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 742.

The libel alleges that, on or about the 10th day of January, 1939, the S. S. "Waukegan", a vessel owned and operated by the United States of America, collided with the St. George's Bridge over the Chesapeake-Delaware Canal, in the State of Delaware, and as a result of that collision the libellant, while lawfully engaged in his duties as foreman bridge tender of that bridge, was precipitated from the Bridge into the Canal, by the negligent operation of the S. S. "Waukegan", and permitting the said S. S. "Waukegan" to run into said Bridge precipitating the said William F. Oakes into said Canal, and as a result whereof he died.

The libel also alleges that the respondent the "Continental Insurance Company of the City of New York had issued a policy of protection and indemnity insurance, among other things, insuring the United States of America against the payment of damages caused by said steamship Waukegan, and in the event that judgment or decree be obtained against the United States of America, in the above entitled proceeding, the same is to be paid by the Continental Insurance Company of the City of New York, under aforesaid policy. The libellant claims rights and benefits under said policy as a donee beneficiary, and asserts a direct liability against the said insurance company, upon having a judgment fix the value of her claim."

Both of the respondents have excepted to the libel upon the ground that it does not state facts sufficient to constitute a cause of action against it, and the United States of America further excepts upon the ground that the libel does not state

facts sufficient to constitute a cause of action against the respondent United States of America within the jurisdiction granted this Court under the Suits in Admiralty Act, and also that the Federal Employees' Compensation Act, 5 U.S.C.A. §§ 751–791, 793, provides the libellant with an exclusive remedy against the respondent United States of America.

■ This suit can not be maintained against the respondent United States of America, unless the cause of action is within the Admiralty and Maritime jurisdiction.

Title 46 U.S.C.A. § 742 provides: "In cases where if such vessel were privately owned or operated, * * * a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for a libel in personam may be brought against the United States or against such corporation, as the case may be, provided that such vessel is employed as a merchant vessel or is a tugboat operated by such corporation. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, * * *."

The allegations of the libel are not sufficient to bring the instant case under that section.

As alleged in the libel, the proximate cause of the injury to libellant's decedent was the blow caused by striking the bridge on which libellant's decedent was working, throwing him into the water.

The bridge is a land structure, and the tort committed is a non-maritime tort, not cognizable within the provisions of the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. Martin v. West, 222 U.S. 191, 32 S.Ct. 42, 56 L.Ed. 159, 36 L.R.A.,N.S., 592.

The mere fact that libellant's decedent came to his death by drowning within the water does not change the nature of the tort. T. Smith & Son, Inc. v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520.

That the proximate cause of death was the blow struck by the S. S. "Waukegan" to the bridge, from which libellant's decedent was thrown, determines our jurisdiction, and not the fact that he was drowned in the water after being thrown, is further sustained in Minnie v. Port Huron Terminal Co. et al., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631, which is the converse of the Smith case supra, as in the Minnie case a longshoreman, while unloading a vessel lying in navigable waters, was struck on the deck of the vessel by a swinging hoist, and was precipitated from the vessel on to the wharf.

Our lack of jurisdiction is further shown in the case of The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633, in which case a passenger fell from the gangplank while proceeding from the vessel to the wharf, and the Court, in that case held, that the gangplank was a part of the vessel, and the passenger on the gangplank had not left the vessel, and that it was not of moment whether the passenger fell into the water, or on to the wharf, and that in either event Admiralty would have jurisdiction, the test of jurisdiction being, the location of the injured person when his fall started, and not the point at which his injuries were actually inflicted. See also The Strabo, D.C., 90 F. 110, affirmed at, 2 Cir., 98 F. 998; L'Hote et al. v. Crowell, Deputy Com'r et al., 5 Cir., 54 F.2d 212.

I have carefully read all of the authorities, cited on behalf of the libellant, but I am convinced that the fact that libellant's decedent died as a result of drowning, is not decisive in this case, on the question of jurisdiction, but that the place where libellant's decedent was at the time of the proximate cause of the injury, which was the striking of the bridge by the S. S. "Waukegan", is determinative.

■ As to the respondent Continental Insurance Company of the City of New York, the libellant has no direct right against the insurance company under the laws of the State of New York, except under the provisions of Section 167 of the Insurance Law (formerly 109), Consol. Laws N.Y. c. 28. Jackson v. Citizens Casualty Co., 277 N.Y. 385, 14 N.E.2d 446.

Inasmuch as libellant's only right against the insurance company is based on that statute, it must, when it claims that right, take it subject to the provisions of that statute, and it can not recover on such a policy prior to judgment against the accused.

The allegations of the libel are wholly insufficient to set forth a cause of action against the respondent insurance company.

For the reasons stated, the first and second exceptions filed by the United States, and the exception filed by the respondent Continental Insurance Company

of the City of New York, are sustained, and the libel will be dismissed as to them with costs.

#### Supplemental Opinion.

In my opinion in the above entitled suit dated October 4, 1940, I stated in the 6th paragraph on page 869, [35 F.Supp. 869] as follows: "The mere fact that libellant's decedent came to his death by drowning within the water does not change the nature of the tort."

Since the rendering of that opinion there has been brought to my attention, that which I did not know before, that the libellant's decedent's injuries were suffered on January 10, 1939 and the death certificate, which is dated January 11, 1939, states as follows: "Intra Thoracic and retro peintoneal hemorrhage gangrenous tissue of left thigh following external force."

It therefore appears that the cause of death was not drowning, but as stated in the Certificate, therefore, my opinion will be corrected by stating the cause of death as aforesaid.

This, however, makes no change in my decision, as it was of no moment where the decedent came to his .death, as the only question was, as to where the decedent was at the time of the act, which was the proximate cause of death towit the striking of the Bridge by the S. S. "Waukegan".

With the correction as to the cause of death, my opinion, as rendered, will stand.