v. American Can Company, D.C., 31 F. Supp. 91; Metropolitan Button Works, Inc. v. Jaffe, et al., D.C., 19 F.Supp. 860; Rosenberg et al. v. Groov-Pin Corporation, 2 Cir., 81 F.2d 46, 47, 48. In addition to the foregoing I believe that the plaintiff has been guilty of laches which should defeat an application of this character.

### STANDARD CORRUGATED CASE CORPORATION v. SERVBEST CO., Inc., et al.

District Court, S. D. New York.
March 3, 1941.

### THE VIZCAYA.
No. 869.

District Court, D. Massachusetts.
Jan. 13, 1941.

Withington, Cross, Proctor & Park, of Boston, Mass. (John S. McCann, of Boston, Mass., of counsel), for libellant.

Thomas H. Walsh, of Boston, Mass., for claimant.

McLELLAN, District Judge.

■■ This libel in admiralty purports to state three claims. Two of the claims are for damage done by a boat to the libellant's pier. To these claims, the libellee excepts. Although in matters of contract the test of jurisdiction in admiralty is the nature of the contract, the test of jurisdiction in matters of tort is the locality of the damage. Accordingly, there is no jurisdiction in admiralty over damages to a pier attached to land and the libellee's exceptions are sus-

tained. Cleveland Terminal & Valley Railroad Company v. Cleveland Steamship Co., 208 U.S. 316, 28 S.Ct. 414, 52 L.Ed. 508, 13 Ann. Cas. 1215; Martin v. West, 222 U.S. 191, 32 S.Ct. 42, 56 L.Ed. 159, 36 L.R.A., N.S., 592; Hughes on Admiralty, Chapter IX.