## THE GREEN ARROW.

### THE NAUTIC.

### CITY OF PERTH AMBOY v. N. N. PETTERSON LIGHTERAGE CO. et al.

No. 281–a.

District Court, D. New Jersey.

Jan. 17, 1945.

Isidor M. Dubrow, of Perth Amboy, N. J. (Elias A. Kanter, of Newark, N. J., of counsel), for libellant.

Carpenter, Gilmour & Dwyer, of Jersey City, N. J., for claimant-respondent Shamrock Towing Co., Inc.

Alexander & Ash, of New York City, for claimant-respondent Green Arrow.

FAKE, District Judge.

This is an admiralty case. The libellant is a municipal corporation, owning a pier located on Kill van Kull in the County of Middlesex, New Jersey. The complaint discloses that the respondents were in the management and control of the barge "Green Arrow" and the tug "Nautic". The tug towed the barge to libellant's pier where it was made fast in a careless and imprudent manner, so that with the incoming tide the prow of the barge became engaged in the deck of the pier and with the further rise of the tide, the barge destroyed and demolished the pier.

Respondents except to the jurisdiction of this court on the ground that no recovery can be had in admiralty for damage to the pier as alleged.

The exception is well taken. The first case on the subject brought to my attention is The Plymouth, 1869, 70 U.S. 20, 3 Wall. 20, 18 L.Ed. 125, wherein it was held that damages to a pier by fire, having its origin in a burning vessel moored to the pier, could not be recovered for in admiralty. The next is The Blackheath, 1904, 195 U. S. 361, 25 S.Ct. 46, 49 L.Ed. 236, wherein it was held that injury to a beacon made fast to the bed of a river or bay being an aid to navigation could be recovered for in admiralty. This led to Cleveland Terminal & Valley R. Co. v. Cleveland Steamship Company, 1907, 208 U.S. 316, 28 S.Ct. 414, 52 L.Ed. 508, 13 Ann.Cas.1215, which held, there was no jurisdiction in admiralty to recover for damage to a bridge. Nor was any such recovery permitted for damage to a dock or wharf next below such bridge, because they were each so connected with the shore that they immediately concerned commerce upon land.

None of the cases dealing with cables in a water bed as aids to navigation have any bearing here, to wit: United States v.

North German Lloyd, D.C., 239 F. 587; The Toledo, D.C., 242 F. 168; Postal Telegraph-Cable Co. v. P. Sanford Ross, Inc., D.C., 221 F. 105; and New York Tel. Co. et al. v. Cities Service Transp. Co. et al., D.C., 23 F.Supp. 426.

In Nippon Yusen Kabushiki Kaisha v. Great Western Power Co., 9 Cir., 17 F.2d 239, a distinction is made between a power cable and a cable used in transmitting messages and it was held that damages to a power cable, unlike damages to a cable used in communications, could not be recovered for in admiralty because no aid to navigation could be spelled out where power cables were involved.

The rule laid down in Cleveland Terminal & Valley R. Co. v. Cleveland Steamship Company, supra, is the rule to be followed here. See The Vizcaya, D.C.1941, 38 F.Supp. 1020, to the same effect.

The exception is sustained. An order may be entered in conformity with this ruling.