## T. SMITH & SON, INC. *v.* TAYLOR.

ERROR TO THE COURT OF APPEAL FOR THE PARISH OF ORLEANS, LOUISIANA.

No. 186. Argued January 18, 1928.—Decided February 20, 1928.

While a longshoreman, employed in the unloading of a vessel at dock, was standing upon a stage that rested solely upon the wharf and projected a few feet over the water to or near the vessel, he was struck by a sling loaded with cargo, which was being lowered over her side, and was knocked into the water, where some time later he was found dead.

*Held,* that the right of action for his death was controlled by the state, and not by the maritime, law, since, though the death occurred in the water, the occurrence which was the sole, immediate and proximate cause of it and gave rise to the cause of action, was on the wharf, which was to be deemed an extension of the land. P. 181.

5 La. Ct. App. 284, affirmed.

ERROR to a judgment of the Court of Appeal of Louisiana affirming a recovery under the state workmen's compensation law. The Supreme Court of the State denied a writ of certiorari.

*Mr. John May,* with whom *Mr. Edmund L. Jones* was on the brief, for plaintiff in error.

*Mr. Eugie V. Parham,* with whom *Mr. Edward Rightor* was on the brief, for defendant in error.

MR. JUSTICE BUTLER delivered the opinion of the Court.

March 12, 1925, plaintiff in error, a stevedoring corporation, was unloading a vessel lying in the Mississippi at a dock in New Orleans. George Taylor was in its employ as a longshoreman and came to his death while engaged in that work. Defendant in error is his widow and brought this suit in the Civil District Court of Orleans Parish under the Louisiana Workmen's Compensation Law* to recover compensation for herself and children. The district court gave judgment for them; the Court of Appeal affirmed; and its presiding judge, after the state Supreme Court had denied a writ of certiorari, allowed the writ of error that brings the case here.

Plaintiff in error maintained below and here insists that this is a case exclusively within the admiralty and mari-

---

* Act 20 of 1914 as amended by Act 243 of 1916, Act 38 of 1918, Acts 234, 244 and 247 of 1920, Act 43 of 1922 and Acts 21 and 216 of 1924.

time jurisdiction, and that, while the state Compensation Law is broad enough to apply to longshoremen unloading vessels, its application in this case violates § 2 of Art. 3 of the Constitution, which extends the judicial power of the United States " to all cases of admiralty and maritime jurisdiction " and also that clause of § 8 of Art. 1 which authorizes Congress to make laws for carrying into effect the powers granted by the Constitution.

At the time of the accident, cargo was being hoisted out of the hold to deck skids and thence swung to trucks operated upon a stage that rested solely upon the wharf and projected a few feet over the water to or near the side of the vessel. The petition of defendant in error alleged, and she introduced evidence to show, that deceased was standing on the stage when a sling, loaded with five sacks of soda weighing 200 pounds each, was being lowered over the side by means of a winch on the vessel; that the sling was swinging back and forth and, while deceased was trying to catch and steady it, the sling struck him and knocked him off the stage into the water where sometime later he was found dead. At the trial plaintiff in error maintained that deceased was not struck but accidentally fell into the river. The issues were decided in favor of defendant in error and the evidence is amply sufficient to sustain the finding.

Deceased was engaged in maritime work under a maritime contract. If the cause of action arose upon the river, the rights of the parties are controlled by maritime law, the case is within the admiralty and maritime jurisdiction, and the application of the Louisiana Compensation Law violated § 2 of Art. 3. But, if the cause of action arose upon the land, the state law is applicable. *The Plymouth,* 3 Wall. 20, 33; *Atlantic Transport Co.* v. *Imbrovek,* 234 U. S. 52, 59; *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Washington* v. *Dawson & Co.,* 264 U. S. 219. Plain-

tiff in error concedes that the stage and wharf on which deceased was working are to be deemed an extension of the land (*Cleveland Terminal R. R.* v. *Steamship Co.*, 208 U. S. 316, 321; *Industrial Comm.* v. *Nordenholt Co.*, 259 U. S. 263, 275) and that the state law would apply if he had been injured or killed by falling on the landing-place. It argues that as no claim was made for injuries sustained while deceased was on land and as the suit was solely for death that occurred in the river, the case is exclusively within the admiralty jurisdiction. But this is a partial view that cannot be sustained. The blow by the sling was what gave rise to the cause of action. It was given and took effect while deceased was upon the land. It was the sole, immediate and proximate cause of his death. The *G. R. Booth*, 171 U. S. 450, 460. The substance and consummation of the occurrence which gave rise to the cause of action took place on land. *The Plymouth, supra.* This case cannot be distinguished from *Johnson* v. *Chicago Elevator Co.*, 119 U. S. 388, 397 or *Martin* v. *West*, 222 U. S. 191, 196, The contention of plaintiff in error is without merit.

*Judgment affirmed.*