EDWARD RUDO *v.* A. H. BULL STEAMSHIP
COMPANY ET AL.

[No. 11, January Term, 1935.]

*Decided March 6th, 1935.*

The cause was argued before BOND, C. J., URNER,
OFFUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Sol. C. Berenholtz,* with whom was *Joseph Sherbow* on
the brief, for the appellant.

*George Forbes* and *Henry L. Wortche,* for the appellee.

URNER, J., delivered the opinion of the Court.

The plaintiff, an American seaman, employed on the
Arlyn, a steamship of American registry, was injured
on a dock from which the ship was being supplied with
coal. A pipe extending across the dock was struck and
broken by a net load of the coal in bags, as it was being
drawn by a fall connected with equipment on the vessel.

The duty assigned to the plaintiff at the time of the accident was to unload bags of coal from a truck, and place them in the net attached to the fall. The injury to the plaintiff resulted from the burning effect of chemicals discharged from the broken pipe. It is alleged in the declaration that the accident was caused by negligence of the defendant owners, through their officers, agents and servants, in the manner in which the hoisting operation was conducted. The suit is specifically brought under section 33 of the Merchant Marine Act 1920 (U. S. Code, title 46, sec. 688 [46 U. S. Code Ann. sec. 688]), which provides:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such action shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

Prior to the enactment of that provision, a seaman's redress, under the general maritime law, for an injury received in the course of his employment, was limited usually to the recovery of wages and the expense of maintenance and cure, unless the injury resulted from unseaworthiness or defective equipment of the ship. *The Osceola*, 189 U. S. 158, 23 S. Ct. 483, 47 L. Ed. 760; *Chelentis v. Luckenbach S. S. Co.*, 247 U. S. 372, 38 S. Ct. 501 62 L. Ed. 1171; *Warner v. Goltra*, 293 U. S. 155, 55 S. Ct. 46, 79 L. Ed. 8. The quoted statute applies by reference the principles of the Federal Employer's

Liability Act (45 U. S. Code Ann. secs. 51-59), affecting interstate railway employees, to the right of action accorded to seamen for personal injuries. *Panama R. Co. v. Johnson,* 264 U. S. 375, 44 S. Ct. 391, 394, 68 L. Ed. 748. In accordance with the rule of liability defined in that legislation, a seaman may recover from his employer for an injury suffered in the course of his duty as the result of negligence on the part of other members of the crew. The question raised by demurru to the declaration is whether such a right of recovery exists when, as in this instance, the accident occurred on a dock, which is an extension of the land. *State Industrial Commission v. Nordenholt Corporation,* 259 U. S. 263, 42 S. Ct. 473, 474, 66 L. Ed. 933; *Cleveland Term. & Valley R. Co. v. Cleveland S. S. Co.,* 208 U.) S. 316, 28 S. Ct. 414, 52 L. Ed. 508; *Atlantic Coast Shipping Co. v. Royster,* 148 Md. 443, 446, 129 A. 668. The lower court answered that question in the negative by sustaining the demurrer. As the ground of the ruling could not be obviated by amendment, a judgment was entered for the defendants, and from it the plaintiff has appealed.

The theory, here advanced, that an injury to a seaman, while performing on land a service for his ship, is within the purview of section 33 of the Merchant Marine Act 1920, is contrary to the decisions rendered in the following cases: *Todahl v. Sudden & Christenson* (C. C. A.) 5 Fed. (2nd) 462; *Esteves v. Lykes Bros. S. S. Co. (The Almeria Lykes)* (C. C. A.) 74 Fed. (2nd) 364, 365; *Hughes v. Alaska S. S. Co.* (D. C.) 287 Fed. 427; *Soper v. Hammond Lumber Co.* (D. C.) 4 Fed. (2nd) 872; *Thorpe v. State's S. S. Co.* (D. C.) 1930 A. M. C. 376; *Lindh v. Booth Fisheries Co.* (D. C.) 2 Fed. Supp. 19; *Trillo v. Pacific S. S. Co.* 1930 A. M. C. 923. No opposing adjudication upon such an issue was cited. While we have not been referred to any decision of the Supreme Court of the United States upon the distinct question of law considered in those cases and presented on this appeal, there have been expressions by that court which appear to support the view that the Merchant Marine Act 1920 does

not apply to land accidents. In *Panama R. Co. v. Johnson, supra,* the court said: "Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seamen to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some non-maritime system. The source from which the new rules are drawn contributes nothing to their force in the field to which they are translated. In that field their strength and operation come altogether from their inclusion in the maritime law."

In *State Industrial Commission v. Nordenholt Corporation, supra,* it was said in the opinion: "When an employee working on board a vessel in navigable waters, sustains personal injuries there, and seeks damages from the employer, the applicable legal principles are very different from those which would control if he had been injured on land while unloading the vessel. In the former situation the liability of employer must be determined under the maritime law; in the latter, no general maritime rule prescribes the liability, and the local law has always been applied. The liability of the employer for damages on account of injuries received on shipboard by an employee under a maritime contract is matter within the admiralty jurisdiction; but not so when the accident occurs on land." That language was quoted by this court in the opinions delivered in *Atlantic Coast Shipping Co. v. Royster, supra,* and in *Arundel Corporation v. Ayers,* 167 Md. 569, 175 A. 586. In those cases questions as to the applicability of the Workmen's Compensation Law of Maryland (Code Pub. Gen. Laws 1924, art. 101, as amended) to accidents occurring, in one instance on a dock, and in the other on a dredge moored in navigable waters, were under consideration. The conclusion in the first case was that the accident was within the

operation of the Maryland statute, while the second case was held to be within the exclusive scope of the maritime law.

The case of *T. Smith & Son v. Taylor*, 276 U. S. 179, 48 S. Ct. 228, 229, 72 L. Ed. 520, involved the question whether a fatal injury to a longshoreman employed in unloading a vessel was compensable to his widow under the Louisiana Workmen's Compensation Act (Act No. 20 of 1914 as amended). It was argued that, while the state law was broad enough to apply to longshoremen unloading vessels, its application in that case would violate section 2 of article 3 of the Constitution of the United States, which extends the judicial power of the United States "to all Cases of admiralty and maritime Jurisdiction." The Supreme Court said: "Deceased was engaged in maritime work under a maritime contract. If the cause of action arose upon the river the rights of the parties are controlled by maritime law, the case is within the admiralty and maritime jurisdiction, and the application of the Louisiana Compensation Law violated section 2 of article 3. But, if the cause of action arose upon the land, the state law is applicable. *The Plymouth* [*Hough v. Western Transp. Co.*] 3 Wall. 20, 33, 18 L. Ed. 125, 127; *Atlantic Transport Co. v. Imbrovek*, 234 U. S. 52, 59, 34 S. Ct. 733, 58 L. Ed. 1208, 1211; *Southern P. Co. v. Jensen*, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086; *Knickerbocker Ice Co. v. Stewart*, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834; *Washington v. W. C. Dawson & Co.*, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646."

The line of division between federal and state laws with respect to their application to such an issue as the one raised in this suit has been so authoritatively recognized as depending upon the question whether the accident happened on land or on navigable water that we are unable to construe the quoted provision of the Merchant Marine Act 1920 as tending to alter that distinction. Its terms do not express such a purpose and are consistent with the pre-existing demarcation of federal

and state jurisdictions in regard to the locality of the cause of action.

In *Todahl v. Sudden & Christenson, supra,* the Circuit Court of Appeals, referring to the plaintiff's reliance on that portion of the act giving a right of action to any seaman suffering a personal injury in the course of his employment, said: "But we find in the act no expression of the intention of Congress to enlarge the admiralty jurisdiction. The clause, 'who shall suffer personal injury in the course of his employment,' is not sufficient in itself to expand the jurisdiction of the court and extend it to torts which occur on land. The plaintiff cites *Panama R. Co. v. Johnson,* 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. But the opinion in that case, so far from sustaining his contention, may be referred to as supporting a contrary view of the statute." After quoting from the opinion in that case the language which we have already reproduced, the Circuit Court of Appeals further said: "It is suggested that the clause, 'or in its service,' found in section 20 of the original Act of 1915 (Comp. St. sec. 8337a) furnishes evidence that Congress intended to give seamen a right to recover for personal injuries sustained on shore. It is to observed, however, that that clause is omitted from the amended Act of 1920 [46 U. S. Code Ann. sec. 688], and if its presence in the original act was significant of the intention which is claimed for it, its omission in the amended act should be regarded as evidence of a contrary intention."

In the case of *Esteves v. Lykes Bros. Steamship Co. (The Almeria Lykes) supra,* where a seaman was injured on a wharf by being struck by timber falling from a cargo sling while he was painting the ship's side, the Circuit Court of Appeals said: "We agree with the District Court that section 33 of the Merchant Marine Act [1920] does not apply. That section was enacted under the powers given the United States by the Constitution over maritime matters and ought not to apply beyond the well understood limits of admiralty jurisdiction. It relates wholly to personal injuries, and it is fully settled

that such injuries which are inflicted on shipboard are under admiralty jurisdiction, but those occurring on land, though to maritime employees and at the ship's side, are under the law of the land. * * * We are told in *Warner v. Goltra,* 293 U. S. 155, 55 S., Ct. 46, 79 L. Ed. 8 [1934 A. M. C. 1436], that the Longshoremen's and Harbor Workers' Compensation Act of March 4th, 1927 (33 U. S. Code Ann. secs. 901-950), is *in pari materia* and complementary to section 33 of the Merchant Marine Act 1920, and sections 2 and 3 of the former act (33 U. S. Code Ann. secs. 902, 903) carefully limit its coverage to injuries occurring on the navigable waters of the United States, with evident regard for the well understood limits of admiralty jurisdiction touching injuries in harbors."

In the absence from the Merchant Marine Act 1920 of an expressed or clearly implied design to extend its operation beyond the physical limits within which the general maritime law has been applied, there is no sufficient ground, upon any theory urged by the appellant, for an adjudication assuming such an extension.

*Judgment affirmed, with costs.*