**RICHARDS et al. v. MONAHAN, Deputy Com'r, et al.**

No. 658.

District Court, D. Massachusetts.

Sept. 25, 1936.

Burnham, Bingham, Pillsbury, Dana & Gould and Howard F. Fanning, all of Boston, Mass., for libelants.

A. F. Christiansen, of Boston, Mass., for respondent Theresa Landolt.

Francis J. W. Ford, U. S. Atty., and Charles W. Bartlett, Asst. U. S. Atty., both of Boston, Mass., for respondent Monahan.

McLELLAN, District Judge.

The following statement may be taken, transcribed, and filed as findings of fact and conclusions of law within the terms of the admiralty rules.

The libelants seek to have set aside as not in accordance with law a compensation order entered by Deputy Commissioner Monahan under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as amended (33 U.S.C.A. § 901 et seq.).

The libelants, as trustees, were on the 19th day of June, 1935, the owners of the Glen White, a steamship of a tonnage exceeding eighteen. Henry S. Landolt was at that time in their employ, and they (the libelants) were self-insured under the act. The material subsidiary findings of fact are as contained in the Deputy Commissioner's compensation order, these being the same facts as are alleged in the libel and admitted by the answers thereto. It is unnecessary in this memorandum to state them in detail; they are incorporated herein by reference. Taking from these facts certain important parts thereof, the issue may per-

haps be presented adequately by the following brief statement:

On the 19th day of June, 1935, Henry S. Landolt, employed as heretofore stated by the libelants, fell from a ladder which was the only method furnished for getting to the ship from the wharf alongside which the S. S. Glen White lay. Mr. Landolt was a machinist, and just prior to his accident, while having in his possession certain materials to be used in connection with the repair of the ship, ascended the ladder to a point where he was over the water, and for some unknown reason fell therefrom upon the wharf and received a fracture of the skull and other injuries from which he died the next day.

The real questions at issue are whether, within the meaning of United States Code, title 33, section 903 (33 U.S.C.A. § 903), Mr. Landolt's death resulted from an injury occurring upon the navigable waters of the United States, and whether the accident resulting in his death was of such a character that workmen's compensation therefor might validly have been provided by state law.

The applicable portion of United States Code, title 33, section 903 (33 U.S.C.A. § 903) provides as follows: "§ 903. *Coverage.* (a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law."

The Deputy Commissioner made an award of $200 to be applied on funeral expenses, $100 for a counsel fee, and something a little over $4 a week to the widow of the deceased.

Though the matter is not free from difficulty, I am of the opinion that the Deputy Commissioner had jurisdiction thereof and that his award ought not to be set aside. In considering the case I have listened as attentively as possible to the arguments of counsel and throughout the hearing I have been impressed with the fact that we are dealing here, not with a case where liability for tort is alleged, but are dealing with a long-considered attempt by Congress to furnish compensation to men engaged in maritime pursuits who are not entitled to allowances for maintenance and cure or to workmen's compensation under state laws.

The deceased was on a ladder which, upon the findings of the Deputy Commissioner, was the only means furnished for boarding or leaving the ship. He was on that part of the ladder which was over the water, and I think that, no matter just when his status changed, his accident, at the time and place where it happened, occurred upon the navigable waters of the United States.

The next and more difficult question is whether, in view of the fact that he fell upon the wharf, it can be said properly that his "injury" occurred on the navigable waters of the United States. With some hesitation I conclude that, while ordinarily an injury ensues from a fall at the termination thereof rather than at its beginning, within the meaning of the act, construed liberally as I think it should be, an injury is to be regarded as occurring upon the navigable waters of the United States if, as here, the accident resulting in this injury occurred upon the navigable waters of the United States.

From what has been said it must follow, as is conceded by counsel for the libelants, that, if the "injury" happened on navigable waters, the death was not compensable under any state workmen's compensation act.

The libelants cite maritime tort cases distinguishing between persons boarding and leaving a boat. See The Atna (D.C.) 297 F. 673; The Brand (D.C.) 29 F.(2d) 792. As I view the matter, a compensation act of the kind here involved should not be construed as operative for the benefit of an employee who is leaving the boat by a ladder, and not operative in favor of an employee who, boarding the ship by a ladder, has reached a point thereon where he is directly above navigable waters of the United States. Nor does Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520, where it was alleged by one of the parties and conceded by the other that at the time of his injury the libelant was on an extension of the land, require a reversal of the Deputy Commissioner's order.

An order is to be entered dismissing the libel.