## SWAN v. BATON ROUGE TRANSP. CO. et al.
### No. 2133.

Court of Appeal of Louisiana. First Circuit.
June 28, 1940.
Rehearing Denied July 24, 1940.
Writ of Error Refused Oct. 9, 1940.

Fred G. Benton and C. G. Spaht, both of Baton Rouge, for appellant.

J. E. Huckabay and Claude E. Fernandez, both of Baton Rouge, for appellees.

OTT, Judge.

The suit is to recover compensation for four hundred weeks at the rate of $11.375 per week plus medical expenses for total permanent disability resulting from an injury to plaintiff's foot while he was working as a deck hand or helper on a ferry boat operated by the defendant company across the Mississippi River between Baton Rouge and Port Allen in transporting pedestrian and vehicular traffic across the said River. The injury occurred on November 1, 1937, and compensation was paid to the plaintiff for 86 weeks thereafter. This suit is to recover for the full 400 weeks, plus medical expenses, against the

transportation company and its insurance carrier, the American Mutual Liability Insurance Company, less the amount already paid.

The injury was received while plaintiff was moving a heavy piece of iron on the deck of the ferry boat for the purpose of loading the iron onto a trailer truck to be carried off the boat. At the time of the injury, the boat was docked on the west side of the River, but the injury occurred on the waters of the Mississippi River, a navigable stream.

An exception to the jurisdiction of the court, ratione materiae, was filed by the defendants and sustained by the court. An exception of no cause or right of action was also filed by the defendants, but this exception was not passed on by the trial court as the suit was dismissed on the exception to the jurisdiction. The plaintiff has appealed.

Plaintiff alleges in his petition that while the Mississippi River is a navigable stream, the business of the defendant transportation company is non-maritime in character in that it has no direct relationship to navigation and maritime commerce, but is confined to the operation of ferry boats for the transportation of traffic across the said River; that while the duties of the plaintiff were strictly non-maritime in nature, but in case it is held that the business of the transportation company and the duties of the plaintiff were maritime in character, then in the alternative, he alleges that the business of said company and his duties in connection therewith were purely local in character and had only an incidental and indirect relationship to navigation and maritime commerce, and that the rights and liabilities of plaintiff and his employer as between themselves were subject to the local laws of the State, and did not work any material prejudice to the characteristic features of the general maritime law or in any way interfere with its uniformity.

The exception to the jurisdiction is based on the ground that the contract of employment between plaintiff and his employer is maritime in character and the injury occurred on navigable waters, and for that reason the suit is cognizable only in the admiralty court of the United States.

Article 3, Section 2 of the Federal Constitution extends the judicial powers of the Federal courts to all cases of admiralty and maritime jurisdiction. And Article 1, Section 8 of the Federal Constitution gives the Congress the power to make all laws that may be necessary and proper for carrying out the powers vested in the Federal government under the Constitution. In the exercise of its powers under the above constitutional provisions, Congress passed the Judiciary Act of 1789, 1 Stat. 73, and gave the district courts of the United States exclusive original jurisdiction of all civil cases of admiralty and maritime jurisdiction, saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it. This grant was continued in the Judicial Code, §§ 24 and 256, 36 Stat. at L. 1091, 1160, chap. 231, 28 U.S.C.A. §§ 41, 371.

In the leading case of Southern Pac. Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas. 1917E, 900, the United States Supreme Court held that an employee injured while engaged in a maritime service could not recover under a state workmen's compensation law which undertook to protect the employee in such work within the state; that such a state law contravened the essential purpose expressed by the act of Congress in giving exclusive jurisdiction to the Federal courts in all admiralty and maritime matters and had the effect of working material prejudice to the characteristic features of the federal maritime law and interfered with the proper harmony and uniformity of the law in its international and interstate relations; that the remedy which the state compensation law sought to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court, and is not saved to suitors from the grant of exclusive jurisdiction in the Federal Courts.

The effect of the above decision was to deprive the state courts of jurisdiction in the enforcement of any state compensation law in favor of a workman injured while engaged in a maritime service within the state. The decision was by a divided court, two strong dissenting opinions having been handed down in the case, one by Justice Holmes and one by Justice Pitney, with Justices Brandeis and Clarke concurring in the dissenting opinions. In an effort to remedy the situation resulting from the majority opinion in the above case, Congress undertook to give the state courts jurisdiction in such cases by amending Sections 24 and 256 of the Judicial Code. This amendment was the Act of Oc-

tober 6, 1917, 40 Stat. 395, passed shortly after the above case was decided, and added to the sections which reserved to suitors the right of a common law remedy, where the common law is competent to give it, the further provision which saved to claimants their rights and remedies under the workmen's compensation law of any state.

This attempt of Congress to reserve to claimants under any state compensation law the right to enforce in the state courts their claims for compensation for injuries arising in maritime service in the state was nullified and declared unconstitutional in the case of Knickerbocker Ice Co., v. Stewart, 253 U. S. 149, 40 S.Ct. 438, 441, 64 L.Ed. 834, 11 A.L.R. 1145. The opinion in this case was also by a divided court. The reasons given in the majority opinion for holding this amendment unconstitutional will appear from the following quotation from that opinion:

"Having regard to all these things we conclude that Congress undertook to permit application of Workmen's Compensation Laws of the several states to injuries within the admiralty and maritime jurisdiction, and to save such statutes from the objections pointed out by Southern Pac. Co. v. Jensen. It sought to authorize and sanction action by the states in prescribing and enforcing, as to all parties concerned, rights, obligations, liabilities and remedies designed to provide compensation for injuries suffered by employes engaged in maritime work.

"And, so construed, we think the enactment is beyond the power of Congress. Its power to legislate concerning rights and liabilities within the maritime jurisdiction, and remedies for their enforcement, arises from the Constitution, as above indicated. The definite object of the grant was to commit direct control to the Federal government, to relieve maritime commerce from unnecessary burdens and disadvantages incident to discordant legislation, and to establish, so far as practicable, harmonious and uniform rules applicable throughout every part of the Union.

"Considering the fundamental purpose in view and the definite end for which such rules were accepted, we must conclude that in their characteristic features and essential international and interstate relations, the latter may not be repealed, amended, or changed except by legislation which embodies both the will and deliberate judgment of Congress. The subject was in-

trusted to it to be dealt with according to its discretion—not for delegation to others. To say that, because Congress could have enacted a compensation act applicable to maritime injuries, it could authorize the states to do so, as they might desire, is false reasoning. Moreover, such an authorization would inevitably destroy the harmony and uniformity which the Constitution not only contemplated, but actually established—it would defeat the very purpose of the grant."

Not only was the opinion in the Knickerbocker case by a divided court, but its soundness has been questioned by numerous commentators and compilers, particular reference here being made to the criticism found in a note in Vol. 1, American Jurisprudence, p. 576, under Section 50. The desire of Congress to give a workman relief in a state court for a compensable injury under a state law arising in maritime service is further shown by the fact that Congress passed the amendment of June 10, 1922, 42 Stat. 634, making this part of the Judicial Code read as at present, to the effect that there is reserved the right of claimants for compensation for injuries to or death of persons other than the master or members of the crew of a vessel, their rights and remedies under the workmen's compensation law of any state, which rights and remedies when conferred by such a compensation law shall be exclusive. Section 41, Subsection 3, Title 28 U.S.C.A., and Section 371, Subsection 3, Title 28, U.S.C.A.

It was doubtless the intention of Congress to obviate the constitutional objections sustained in the Knickerbocker case in declaring the first amendment unconstitutional, that prompted Congress to pass this second amendment, leaving out the master and crew of the vessel as among those protected by the amendment. We understand from the briefs filed in the case that the trial court sustained the exception on the ground that the plaintiff was a member of the crew of the ferry boat, and for that reason is excluded from the amended sections resulting from the Act of June 10, 1922. However, this last amending act was also declared unconstitutional by the United States Supreme Court in the case of Washington v. W. C. Dawson & Co., 264 U.S. 219, 44 S.Ct. 302, 68 L.Ed. 646, for the same reasons as were given in the Knickerbocker case for declaring the first amendment unconstitutional.

■ Therefore, the sections stand as they were before these two amending acts were passed in an attempt to confer jurisdiction on the state courts and give claimants injured in maritime service the right to collect compensation where the injury occurs in a state giving them that right. The result is that the law on the point now stands just where it was after the decision in the Southern Pac. Co. v. Jensen case— that is, the state court has no jurisdiction over a suit for an injury received by an employee while engaged in maritime service where such employee seeks to recover compensation under a state law.

As the petition of plaintiff, as well as the evidence taken on the exception, clearly shows that plaintiff at the time of his injury was engaged in a maritime service, it follows that the state court, under the decision in the Jensen case, has no jurisdiction to entertain his claim for compensation, unless, as stated in an alternative allegation of the petition, the business of the employer and the duties of the employee were of such local character as not to interfere with the uniformity and general application of the maritime law, and thus bring his case within certain exceptions to the principles announced in the Jensen case. In fact, we gather from plaintiff's brief that he now practically concedes that his employment was maritime in nature, and he is relying principally on this exception to bring his claim within the jurisdiction of the state court.

Doubtless because of the rather harsh and unsatisfactory results caused by the decision in the Jensen case, the courts apparently have tended to broaden the rule to the effect that the state compensation law may be enforced in a state court where the employee is engaged in a maritime service but where that service and the business of the employer are of a local character and have no particular relation to navigation and maritime commerce among the states or among the nations. The rule is stated in 2 C.J.S., Admiralty, § 62, p. 125, as follows: "A state workmen's compensation act does not apply to an injury on navigable waters in a maritime service, unless this is local in character."

■ Obviously, the difficulty is in determining when the maritime service is or is not local in character. Each case must be determined from its own peculiar facts, and for this reason there is no safe rule to apply nor is there much uniformity in the decisions as to when maritime service is local in character. We are cited to no case, nor have we been able to find any, which holds that the transportation of pedestrian and vehicular traffic on a ferry boat from one side of a navigable stream to the other is or is not local in character.

■ On page 130 of 2 C.J.S., Admiralty, § 62, under note 4, there is given a large list of cases on the question of whether or not a particular type of maritime service was local in character, but in none of these do we find where the operation of a ferry boat across a navigable stream was involved. Among the cases holding that the maritime service was local in character were those involving the building of docks, jetties, etc., in navigable water; diving by workman laying cable on river bottom from floating boat or scow; dredging and working on barges, deepening channel, etc.; fishing in local waters; rafting, booming and hoisting logs into and from navigable waters; working on barges at a pier as watchman, and sweeping deck of boat used locally by a city. Other services of a somewhat similar nature were held not to be local in character. Among the cases cited by plaintiff showing the local character of the maritime service, we list a few that we consider most pertinent and persuasive: Dourrieu v. Board of Com'rs of Port of New Orleans, La.App., 158 So. 581, where the employee was drowned in navigable waters while he was the member of a dredge crew engaged in filling adjacent lowlands. It was held that his dependents were entitled to compensation under the State law. Some of the pertinent cases decided by the Supreme Court of the United States are the following: Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008; Millers' Indemnity Underwriters v. Braud, 270 U.S. 59, 46 S.Ct. 194, 70 L.Ed. 470; T. Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; Alaska Packers' Ass'n v. Industrial Accident Com., 276 U.S. 467, 48 S.Ct. 346, 72 L.Ed. 656.

To the above list might be added the more recent case of Carlin Construction Co. v. Heaney, 299 U.S. 41, 57 S.Ct. 75, 81 L.Ed. 27, where the injured employee was engaged in the erection of a building on an island in East River and he was brought to his work daily on a steamboat for a small fare under an arrangement made by his employer with the owner of the boat. The employee was injured while on this boat in

navigable waters on his way to work, and the United States Supreme Court held that he was entitled to recover compensation under the state law.

While there is room for doubt, yet we can hardly see how the business of the transportation company and the work of the plaintiff in transporting traffic across the Mississippi River in a boat could be classed as purely local in character. These boats have all the characteristics of a steamboat engaged in transporting freight and passengers from one port to another port in the same state under a more or less regular schedule. It could hardly be said that such a boat was engaged in only a local maritime service having no particular or direct relation to navigation and maritime operations.

The most appropriate case to the one now under consideration is that of Meyers v. Hankins Brothers, 5 La.App. 190, where an employee was drowned in the Red River while working on a ferry boat engaged in transporting traffic across that river, a navigable stream. The court there held that the operation of a ferry boat across a navigable stream is a maritime service coming within the admiralty jurisdiction of the United States courts, and that the compensation laws of the State had no application to an employee killed while engaged in such maritime service. The court affirmed a judgment in that case which sustained an exception to the jurisdiction of the state court.

But for the fact that the question of whether or not the operation of the ferry across the Red River was or was not a local maritime operation was not raised or passed on in that case, the case would be decisive of the present case. But counsel for the plaintiff strenuously insists that that case is not decisive here for the reason that he concedes that the operation of a ferry boat across a navigable stream is a maritime service, but he contends that such service is local in character and is not governed by the general maritime law—a point that was not passed on in the cited case.

Be that as it may, we are constrained to hold, until we are given more light on the subject, that the business of operating a ferry boat across a navigable stream for the transportation of all kinds of traffic is a maritime business not of a purely local nature, and an employee injured while engaged in such services cannot invoke the jurisdiction of the state court to recover compensation under the state law.

 It is also contended by the plaintiff that the defendants are estopped from denying the right of plaintiff to sue under the compensation law for the reason that they paid him compensation for 86 weeks. However, jurisdiction cannot be conferred on a court that has none either by estoppel or consent.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby affirmed at the cost of appellant.

DORE, J., not participating in decision.