In the Matter of the Claim of CHARLOTTE ORIM, Respondent, against OIL TRANSFER CORP., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1941.

E. C. Sherwood [William B. Davis of counsel], for the appellants.

John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General, of counsel], for the State Industrial Board.

Irving Stern, for the claimant.

FOSTER, J. This is an appeal from an award of death benefits made to a widow and minor children of a deceased employee. The sole question involved is one of jurisdiction, it being the claim of the employer and the insurance carrier that the decedent met his death while engaged in employment of a maritime character.

Decedent was employed as a caretaker and engineer on a tugboat and group of oil barges. At the time of his death these craft were temporarily out of service due to a labor strike, and were tied up to a pier. His employment covered twenty-four hours of duty, although his duties took him ashore at times for the repair of various tools and appliances, and he was required to obtain his meals off the boat. On the evening of April 1, 1938, he went ashore to get his supper, and also to get some chipping tools sharpened at the port of Newark. At one-thirty A. M. the next morning he was seen eating in a diner at Newark, and from this place he summoned a taxicab. He was taken in the taxicab to the gate at the port, and after some discussion the taxicab was driven through the gate and to a point about twenty feet from the dock where the tug and barges were tied up. The night was dark and foggy. Decedent paid his fare and the taxicab driver saw him proceed in the direction of the tug and barges. This was the last time he was seen alive. On April 24, 1938, his body was recovered from the water, and there is evidence to indicate that he came to his death as a result of accidental drowning and not through foul play.

On these facts the Board has found that decedent was not engaged in maritime employment at the time of his death, and that it had jurisdiction to make an award. Incidentally it may be pointed out that a claim was presented to the United States Employees' Compensation Commission, and was denied on the ground of lack of jurisdiction. We think the record is sufficient to sustain the award. Clearly the decedent met his death in the course of his employment. He went on shore in the course of his employment, and when last seen was in the course of such employment on land. There is some question as to whether he was engaged in maritime employment at any time (*Matter of Jones* v. *International Mercantile Marine Co.*, 252 App. Div. 347), but in any event, if his death resulted from an accident which had its origin on land, even though his general employment was maritime in character, the Board had jurisdiction. (*Smith & Son, Inc.*, v. *Taylor*, 276 U. S. 179.) A dock, of course, is merely an extension of land. There is no proof in the record as to where decedent was when he fell into the water. The question is whether under such circumstances a presumption arises that the fatal accident followed as a continuation of the locus

of employment last seen or known, and, therefore, had its genesis on land. We think that this question should be answered in the affirmative, and that the presumption arising is one contemplated by statute. (Workmen's Comp. Law, § 21.) Otherwise the beneficent purpose of the statute may be defeated in cases of this character by alleging lack of jurisdiction in the State and Federal tribunals.

The award should be affirmed, with costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Award affirmed, with costs.