McBRIDE, Judge.
Appellant, Atlantic & Gulf Stevedores, Inc., on January 17, 1959, was unloading mules from an automotive truck onto a vessel lying in the Mississippi River at New Orleans. Woodrow Stan.sbury, who was in its employ as longshoreman, accidentally injured his back during said operations when he endeavored to push a stubborn animal, and brought this suit against his said employer in which he recovered judgment under the Louisiana Workmen’s Compensation Statute as for total and permanent disability.
Appellant maintained below, and vehemently insists here, that the court a qua was without jurisdiction ratione materiae, contending that plaintiff’s action is governed and controlled solely by the Federal Longshoremen’s & Harbor Workers’ Compensation Act.
Stansbury was a member of a longshoremen’s gang engaged in loading the mules which had been conveyed to the Press Street Wharf in a truck which was parked on said wharf parallel to the vessel at a distance of 20 to 28 feet from the cap of the wharf. We understand that the “cap” is a length of heavy timber about 12 inches high running along the edge of the wharf designed to prevent vehicles from rolling off the wharf. *729 The mules were removed from the truck via its rear end, the tailgate having' been partially lowered for the purpose; the floor of the truck was several feet higher than the surface of the wharf and was also higher than the top of the wharf’s cap. In order to provide a safe passageway for the animals, pallet boards 6 inches thick, 4 feet wide, and 8 feet long were stacked on the wharf in piles of graduated heights from the rear of the truck to the cap, over which were placed 3 by 12 planks to afford a downward sloping ramp on which the mules could tread. Cleats were nailed on the surface of the ramp to prevent their slipping. Handrails were nailed on both sides of the pallet boards enclosing the ramp in order to prevent escape.
From the cap of the wharf and over the water to the vessel was a wooden gangplank enclosed by handrails. This was some 12 feet long.
In order to be sure just where the accident occurred, counsel disagreeing on that point, we made careful and minute study of the testimony and reached the conclusion that it happened between the truck and the cap of the wharf and not between the cap and the vessel as appellant contends.
However, appellant’s ingenuous but untenable position is that it matters not just where the accident happened, the contention being that the ramp from the truck to the cap formed part of the gangplank and the whole, the gangplank and the ramp, is to be considered as part of or an extension of the ship or of the land, and that the injury having occurred on the “gangplank” is a maritime injury which, occurring on navigable waters, is controlled by the Federal Longshoremen’s & Harbor Workers’ Compensation Act, and the state court lacks jurisdiction of plaintiff’s claim. Counsel for appellant say in their brief:
“If he was at either place, he was on the specially constructed loading gangplank connecting the ship to the wharf, and as such, under maritime jurisdiction. The pallet boards can be treated no different than the wooden boards. It took both to make a gangplank to connect the ship to the wharf. It was part of the ‘connecting link between the dock and the ship.’ ”
We are then cited to the case of The Brand, 9 Cir., 29 F.2d 792, in which the Court said: “The ‘gangplank’ is a connecting link between the dock and the ship. It should be considered as an extension to the land in passage from the dock to the ship, and in passage from the ship to the dock as an extension to the ship. * * * ”
Appellant also cites several cases decided by the U. S. Supreme Court which are said to be authority for the proposition that the rule furnishing the test as to jurisdiction is now to the effect that the gangway providing ingress to or egress from the ship is to be regarded as part of its equipment and those using it for either ingress or egress are considered to be at the time within the admiralty jurisdiction. The cited cases are of no moment here. We are simply not dealing with a gangplank accident. The unfortunate occurrence having taken place on a temporary structure erected above but resting solely upon the dock to provide a safe medium for handling the mules to the edge of the wharf must be considered as having happened on the wharf itself and not on navigable waters. The ramp was neither an extension to the land nor the ship. The wharf is part of the land and as the cause of action arose upon the land, the local or state law is applicable. T. Smith & Son, Inc. v. Taylor (emanating from Louisiana), 276 U.S. 179, 48 S.Ct. 228, 73 L.Ed. 530. The exception to the trial court’s jurisdiction was properly overruled,
The weight of the medical testimony is to the effect that plaintiff sustained a fourth lumbar intervertebral disc herniation causing low back and bilateral sciatic pain and such injury and its effects render plaintiff totally and permanently disabled from doing work of any reasonable character.
*730 The judgment- is correct insofar as it awards compensation at the maximum rate for not more than 400 weeks and fixes the expert witness’s fee of the two physicians who testified for plaintiff. The trial judge, however, committed error through an oversight in not allowing appellant credit for the $1,615 in compensation which it paid plaintiff and the judgment must be amended so as to make provision for such allowance.
It is ordered, adjudged and decreed that the judgment appealed from be amended so as to allow appellant a credit as against the compensation awarded for the $1,615 it has heretofore paid plaintiff, and as thus amended and in all other respects, the judgment is affirmed.
Costs of this appeal are to be borne by appellant.
Amended in part; affirmed in part.