James H. BIBLE, Plaintiff-Appellant,

v.

CHEVRON OIL COMPANY et al., Defendants-Appellees.

No. 29574.

United States Court of Appeals, Fifth Circuit.

May 30, 1972.

John R. Martzell, Ungar, Dulitz & Martzell, New Orleans, La., for plaintiff-appellant.

Henry D. McNamara, Jr., Mouton, Roy, Carmouche & Hailey, Metairie, La., for American Chain and Cable Co., Inc., Wright Hoist Div.

Frank C. Allen, Jr., New Orleans, La., for Chevron Oil Co.

Before JOHN R. BROWN, Chief Judge, and WISDOM and RONEY, Circuit Judges.

**PER CURIAM:**

This appeal involves an action for damages arising from injuries Appellant sustained while working on a fixed drilling platform located in the Gulf of Mexico, approximately one mile from the Louisiana coast. The Trial Court, determining this to be a non-maritime diversity suit controlled entirely by Louisiana law, held it time-barred by the one-year Louisiana prescription statute, LSA–C. C. art. 3536, granted Chevron's motion for dismissal and entered summary judgment against Appellant. We affirm.

It is undisputed that the Appellant did not institute this action until after the Louisiana prescriptive period had expired. Likewise, there can be no dispute over the fact that the fixed drilling platform upon which Appellant was injured was located within Louisiana territorial waters, 43 U.S.C.A. § 1301, and not within the geographic limits of the Outer Continental Shelf.[1] Nevertheless, Appellant argues that the Trial Court erred by holding this action barred under the Louisiana prescription statute.

■ Bible was injured when he was pulled off the drilling platform by a defective winch apparatus, striking a platform support beam before falling several more feet into the sea. Since the substance and consummation of the occurrence giving rise to the injuries sustained took place on the drilling platform, the fact that Bible ultimately wound up in the drink does not transform this "land based" injury into a maritime injury. See T. Smith & Sons v. Taylor, 1928, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; Bertrand v. Forest Corp., 5 Cir., 1971, 441 F.2d 809, cert. denied, 1971, 404 U.S. 863, 92 S.Ct. 106, 30 L.Ed.2d 107; LaLande v. Gulf Oil Corp., W.D.La., 1970, 317 F.Supp. 692.

---

1. 43 U.S.C.A. § 1331 defines the Outer Continental Shelf as the area of submerged lands lying beyond the seaward boundaries of the adjacent states. Since the drilling platform upon which Appellant was injured was located only about a mile from the Louisiana coast and therefore within Louisiana territorial waters, LSA–R.S. art. 49:1, the Outer Continental Shelf Lands Act here has no application. See Zabel v. Tabb, 5 Cir., 1970, 430 F.2d 199, 205, cert. denied, 1971, 401 U.S. 910, 91 S.Ct. 873, 27 L.Ed.2d 808.

Cf. Pure Oil Co. v. Snipes, 5 Cir., 1961, 293 F.2d 60, 1961 A.M.C. 1651. Bible does not seriously argue to the contrary. The District Court was clearly correct in determining this to be a nonmaritime tort.

This Court in Huson v. Chevron Oil Co., 5 Cir., 1970, 430 F.2d 27, 1970 A. M.C. 1978, held the doctrine of laches, rather than the Louisiana prescription statute, LSA–C.C. art 3536, applicable to an action involving personal injuries which were sustained on a fixed drilling platform located on the Outer Continental Shelf. We reasoned that although Rodrigue v. Aetna Casualty & Surety Co., 1969, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360, 1969 A.M.C. 1082, interpreted the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331, et seq., as requiring the application of adjacent state law—when not inconsistent with pertinent Federal Law—to such actions, the Louisiana prescription statute for personal injuries as distinguished from death actions had been traditionally considered procedural in nature and under accepted conflicts of laws principles should therefore be disregarded in favor of the procedural rules of the Federal forum. The Supreme Court granted certiorari and we withheld judgment in regard to this appeal, recognizing that although Huson involved a fixed drilling platform located outside Louisiana territorial waters on the Outer Continental Shelf, if our holding should be affirmed Appellant could at least make the argument that the doctrine of laches should have equal application in this case.

The Supreme Court has clearly resolved this question against Appellant by holding that Rodrigue requires the application of the adjacent state limitations periods to actions arising from fixed drilling platforms located on the Outer Continental Shelf. Chevron Oil Co. v. Huson, 1971, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296, 1972 A.M.C. 20.[2]

Louisiana principles clearly control. The District Court's decision is in all respects correct and is affirmed.

Affirmed.

---

2. The Supreme Court affirmed our decision, however, holding that Rodrigue was not to be applied retroactively. Since the drilling platform involved in this action was located in Louisiana territorial waters and since Rodrigue bears only on actions having their origins on drilling platforms located on the Outer Continental Shelf, this aspect of the Supreme Court's decision does not in any sense strengthen Appellant's argument.