Joseph HEIM, Plaintiff,

v.

CITY OF NEW YORK, George W. Rogers Construction Corp., S. A. S. Equipment Co., Inc. and Ocean Burning, Inc., Defendants.

GEORGE W. ROGERS CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff,

v.

OCEAN BURNING, INC., S. A. S. Equipment Company, Inc., and James Hughes, Inc., Third-Party Defendants.

No. 76 C 2176.

United States District Court, E. D. New York.

Dec. 2, 1977.

Di Costanzo, Klonsky & Cutrona, P. C., Brooklyn, N. Y., for plaintiff; Robert Klonsky, Brooklyn, N. Y., of counsel.

W. Bernard Richland, Corp. Counsel, Brooklyn, N. Y., for City of New York; David S. Jacobs, Brooklyn, N. Y., of counsel.

Barry, McTiernan, Moore & Siracuse, New York City, for George W. Rogers Const. Corp.; Roger P. McTiernan, New York City, of counsel.

William C. Jayne, New York City, for S. A. S. Equipment Co., Inc.; Robert G. Bombara, Ozone Park, N. Y., of counsel.

**36**

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff's amended complaint, asserting admiralty jurisdiction under 46 U.S.C. § 740 "and other applicable statutory provisions", alleges a claim for personal injuries occasioned when plaintiff fell into a hole in a pier in Staten Island. Named as defendants are (1) The City of New York ("the City"), the owner of the pier, (2) George W. Rogers Construction Corporation ("Rogers"), a general contractor engaged by the City to perform demolition work on the pier, (3) Ocean Burning, Inc. ("Ocean Burning"), the owner of a converted LST vessel which was placed alongside the pier preparatory to the removal of debris and its subsequent burning, and (4) S.A.S. Equipment Company, Inc. ("S.A.S."), also engaged by the City to do demolition work at the pier and to control traffic on the pier.

Plaintiff alleges that he was engaged by Hughes Brothers Inc. ("Hughes") (not named as a defendant), which was a subcontractor of Rogers and was hired to remove and burn wooden debris resulting from the demolition work. According to plaintiff while he was proceeding along the pier preparatory to loading the vessel for the burning of wooden debris he fell into a hole in the pier and was injured. He alleges that all the defendants were negligent either in failing properly to maintain the pier or in causing the existence of the hole, or in failing to warn him of its existence. In addition, with respect to Rogers, plaintiff alleges that it negligently caused the vessel to be placed alongside the pier for the removal of the debris without warning plaintiff of the hazards of the pier. Ocean Burning, the owner of the vessel, is said to have caused or allowed it to be placed alongside the pier and to be liable irrespective of negligence in that Ocean Burning did not comply with the Rules of the New York City Economic Development Administration, in that the requisite permissions to load and berth the vessel were not obtained from the relevant City officials.

The City, Rogers and S.A.S. have moved pursuant to Rule 12(b)(1) to dismiss the complaint for "lack of jurisdiction over the subject matter." (Ocean Burning has apparently not as yet appeared.) Since there is not complete diversity of citizenship between the parties the issue of jurisdiction turns on whether this court has admiralty jurisdiction over the claims against the defendants who have moved to dismiss.

Plaintiff asserts that there is admiralty jurisdiction over the claim against Rogers by virtue of 46 U.S.C. § 740 which provides in pertinent part:

"The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land."

Plaintiff's theory, as expressed in oral argument, is that his injury, though it was "done or consummated on land", i. e., on the pier, was nonetheless "caused by a vessel on navigable water" because the vessel, while on navigable water next to the pier invited plaintiff, without warning him of the dangers, to come across the pier to load the vessel. Admiralty jurisdiction is thus said to be against Rogers which caused the vessel to be placed alongside the pier. Federal jurisdiction over the claims against the City and S.A.S. is then invoked as pendent to the claim against Rogers.

Even if the court has jurisdiction in admiralty over the claim against Rogers there is now considerable doubt as to whether there would be pendent jurisdiction over the state law claims against the City and S.A.S. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), held that an additional party with respect to whom there is no independent basis of federal jurisdiction could not be joined on the basis of pendent jurisdiction in an action on a civil rights claim under 42 U.S.C. § 1983. In that case the Supreme Court specifically limited its ruling to such civil rights cases, see *Grimes v. Chrysler Motors Corporation*, 565 F.2d 841 (2 Cir. decided November 17, 1977), and declined to make any "sweeping pronounce-

ment" on the exercise of pendent party jurisdiction. But the court cautioned that there is "a more serious obstacle" to the exercise of pendent jurisdiction where a new party is sought to be impleaded not otherwise subject to federal jurisdiction than if parties already before the court are required to litigate a state law claim. 427 U.S. at 18, 96 S.Ct. at 2422. As an example of a case which might call for a result different than that reached in the *Aldinger* case the Supreme Court pointed to the situation where only in a federal court may all the claims be tried together. The Second Circuit decided prior to the *Aldinger* case that where the facts underlying state and admiralty claims are identical a federal court vested with admiralty jurisdiction over a claim against one defendant has power to exercise pendent jurisdiction over a claim against another defendant even though there is no independent ground for federal jurisdiction over the latter claim. *Leather's Best, Inc. v. S. S. Mormaclynx*, 451 F.2d 800, 807–811 (2d Cir. 1971). Whether a different result would be reached in the light of the *Aldinger* case, this court is not prepared to say. Certainly the *Aldinger* opinion bespeaks an attitude inhospitable to the extension of federal jurisdiction, and we have been told that admiralty jurisdiction traditionally is one in which the federal courts should be chary in intruding on areas ordinarily reserved for state law. *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). But since I do not believe there is admiralty jurisdiction over the claim against Rogers I do not decide the pendent jurisdiction issue.

As noted, plaintiff's contention with respect to Rogers is that the vessel "caused" the injury, within the meaning of 46 U.S.C. § 740, by being placed alongside the pier by Rogers, thus inviting plaintiff to proceed toward the vessel across planking which Rogers allegedly knew to be defective but of which it did not warn plaintiff. Even if it be assumed *arguendo* that so placing the vessel was a sufficiently proximate cause of the injury to support a state law claim against Rogers, I do not believe

that it can be said that the injury was "caused by a vessel" within the meaning of 46 U.S.C. § 740, The Admiralty Extension Act of 1948. That act extended admiralty jurisdiction to injuries "done or consummated on land" but the Supreme Court has held that in determining whether there is admiralty jurisdiction over torts we must look to "the relationship of the wrong to traditional maritime activity." *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 261, 93 S.Ct. 493, 501, 34 L.Ed.2d 454 (1972). The Admiralty Extension Act of 1948 was passed to overrule or circumvent Supreme Court cases which refused to permit recovery in admiralty even where a ship or its gear, through collision or otherwise, caused damage to persons or property on bridges or docks or on the shore. *Victory Carriers, Inc., supra*, 404 U.S. at 209, 92 S.Ct. 418 (1971). But the act did not expand the traditional maritime activities which give rise to a claim. *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio, supra*; *Parker v. South Louisiana Contractors, Inc.*, 537 F.2d 113 (5th Cir. 1976); *Pryor v. American President Lines*, 520 F.2d 974 (4th Cir. 1975). Here the land based injury alleged is the result of a classic non-maritime tort. The injury did not result from the negligent handling of the vessel or any of its gear or appurtenances. In fact the role of the vessel in the chain of events is marginal at best. This is therefore a case where due regard for the states' independence should prompt a federal court scrupulously to confine its own jurisdiction within traditional maritime limits, and plaintiff has not referred us to any case involving a purely maritime occurrence remotely comparable to that alleged in the complaint. The claim against Ocean Burning stands in no different posture than that against Rogers.

Plaintiff also contends that he has a claim under § 905(b) of the Federal Longshoremen's Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 ff, and that there is jurisdiction under 28 U.S.C. § 1331, giving jurisdiction where the matter arises under the "laws" of the United States. But

§ 905(b) is of no aid to plaintiff. It simply makes clear that the Compensation Act does not bar an action against a "vessel" which "caused" the injury. It does not create any independent cause of action. *Parker v. South Louisiana Contractors, Inc.,* supra, 537 F.2d at 118 (5th Cir. 1976). Even if it did there would be no claim in admiralty for the reasons already stated.

The motions are granted, and the action dismissed for lack of jurisdiction. This is without prejudice to any proceedings plaintiff may take in the state court. So ordered.