Gary Lee HIGGINS,

v.

**Rutledge LELAND, d/b/a
Carolina Seafood.**

Civ. A. No. 2:93–1263–8.

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 16, 1993.

A. Parker Barnes, Jr., T. Aladdin Mozingo, Beaufort, SC, for plaintiff.

Andrew S. Halio, Charleston, SC, for defendant.

## ORDER

BLATT, Senior District Judge.

This matter is before the court on the defendant's motion to dismiss, pursuant to Rule 12(b)(1), F.R.Civ.Proc., for lack of subject matter jurisdiction. The defendant asserts that the plaintiff's claim falls outside of the admiralty jurisdiction of this court. The plaintiff has filed a memorandum of law in opposition to this motion.

The court, for purposes of this motion, has relied upon those facts cited by the plaintiff in his complaint. On or about February 27, 1993, the plaintiff, a sailor/commercial shrimper who was allegedly preparing to re-board a shrimp boat, stepped on a damaged board on a dock owned by the defendant, resulting in the plaintiff being struck in the face by the loose plywood and causing the plaintiff to fall onto a boat which was moored at the dock. The plaintiff claims that he was injured by the defendant's negligence in failing to properly maintain the dock. The plaintiff also asserts that the dock was damaged when it was hit by another vessel on a previous occasion, although that alleged vessel nor its owner have been made a party to this case.

The defendant asserts that the tortious act which allegedly caused the plaintiff's injuries was the collapsing of the dock, and since the dock is considered to be an extension of land, the situs of the injury does not satisfy the locality portion of the jurisdictional test found in *Executive Jet Aviation v. Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). See, *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971) ["piers and docks were consistently deemed extensions of land"]; see also, *Foster v. Peddicord,* 826 F.2d 1370 (4th Cir.1987) ["the structure and the accident had no more connection with the ordinary stuff of admiralty than do accidents on piers"]. In addition, not only does the defendant claim that the locality requirement has not been met, but also that this case does not meet the "traditional maritime activity" requirement of *Executive Jet,* using the four-factor nexus test

established in *Oman v. Johns–Manville Corp.*, 764 F.2d 224 (4th Cir.1985).[1]

The plaintiff asserts that for purposes of the locality or situs test, the plaintiff sustained his injuries when he fell from the defendant's dock on the tidal creek onto the deck of a shrimp boat moored at the defendant's dock. The plaintiff argues that a vessel moored to a dock does not become an extension of land, citing *Hastings v. Mann*, 340 F.2d 910 (4th Cir.1965). The plaintiff, relying upon cases from other circuits, claims that in applying the locality test, a tort is deemed to occur not where the wrongful act or omission had its inception, but at the place where it became operative, i.e., the place of injury. See, *Roberts v. U.S.*, 498 F.2d 520 (9th Cir.1974); see also, *Kelly v. Smith*, 485 F.2d 520 (5th Cir.1973). As such, it is apparent that the plaintiff is relying on the fact that he fell onto a shrimp boat moored in navigable waters as the basis of his tortious injury, rather than the defective board from the dock hitting him and causing him to fall into the water. Finally, the plaintiff claims that the facts of this case support a finding that the there is a significant relationship to traditional maritime activity.

 Having reviewed the arguments of counsel, the pleadings, and legal authority, the court concludes that the facts of this case do not support a finding that admiralty jurisdiction exists. In order to establish jurisdiction, two functional inquiries must be made: first, the traditional "situs" analysis determines whether the tort was committed or the alleged injury occurred on navigable waters; and second, a more recent "nexus" analysis determines whether the alleged tort bears a significant relationship to traditional maritime activities. See, *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); *Executive Jet Aviation, Inc. v. Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). Both tests must be met in order for jurisdiction to attach.

Here, it is clear from the plaintiff's claim that the alleged tort is the defendant's negligence in failing to maintain the dock in a reasonably safe condition and of sufficient strength to support the weight of the plaintiff. As a result, the plaintiff suffered injuries when "the loose plywood struck him in the face and the plaintiff was thrown into the boat". See, Complaint, Paragraphs 6 & 7. In the plaintiff's response to the motion for summary judgment, he asserts that the cause of the injury was a defective board on the defendant's dock. Accordingly, the court must decide whether the defendant's negligence in failing to properly maintain the dock implicates the admiralty jurisdiction of this court. As noted, the court concludes jurisdiction is not appropriate in this case.

Since the plaintiff's focus is on the injuries he sustained when he fell into the boat, he also asserts that this court look not to the wrongful act or omission at its inception, but at the place where the it became operative. However, the Fourth Circuit has indicated that for jurisdictional purposes, "we must look to the place where the incident occurred which ultimately gave rise to the cause of action." *Whittington v. Sewer Construction Co., Inc.*, 541 F.2d 427, 432–433 (4th Cir. 1976). This approach makes sense when considered in the ultimate context of the analysis, that being whether the tort and circumstances involved are such that would warrant the exercise of the court's broad range of authority in admiralty matters. When viewed in this manner, and in the specific context of an alleged failure to maintain a dock properly, with nothing else other than the plaintiff having fallen onto a boat and sustaining injuries, or even falling into the water, it appears that admiralty jurisdiction is inappropriate.

Although the plaintiff has indicated that the defective condition of the dock may have been caused by another vessel which hit the dock, neither that vessel nor its owner are parties to this action and it would be inappropriate for this court to resolve this motion based on the statement that additional parties may be added at a later date.[2] It should

---

1. The four factors are 1) the functions and roles of the parties; 2) the types of vehicles and instrumentalities involved; 3) the causation and the type of injury; and 4) traditional concepts of the role of admiralty law.

2. The plaintiff makes a passing reference in his brief that the Admiralty Jurisdiction Act of 1948,

also be noted that while the alleged tortious act was the failure to properly maintain the dock, the plaintiff's focus on the injuries sustained when he hit the vessel moored to the dock is not dispositive of this matter. As is similar to the *Whittington* case, there are no allegations of negligence as to the boat moored to the dock, nor its owner. The fact of the matter is that the tort involved herein was the failure to maintain the dock which resulted in a board hitting the plaintiff and causing him to fall onto the boat below. The fact that the plaintiff may have wound up in the water or in a boat below the dock, does not, standing alone, transform this land-based injury into a maritime injury. See, *Bible v. Chevron Oil,* 460 F.2d 1218 (5th Cir.1972).[3]

Accordingly, the defendant's motion to dismiss for lack of admiralty jurisdiction is hereby granted and this case is dismissed without prejudice.

IT IS SO ORDERED.

---

46 U.S.C.App. § 740, may support a finding of jurisdiction. However, this section, while possibly conferring jurisdiction in some cases which are land based, would hinge on recovery against the vessel or its owner involved in the plaintiff's allegation that the dock was damaged by some unknown vessel. Again, since this vessel or its owner are not parties herein, the applicability of this Act to the facts of this case would not be appropriate at this time.

**3.** In the case of *Heim v. City of New York,* 442 F.Supp. 35 (E.D.N.Y.1977), the plaintiff was injured when he fell into a hole on a pier. The plaintiff claimed that he was proceeding along the pier preparatory to loading a vessel for the burning of wood debris when he fell through the hole. Plaintiff advanced the theory that although his injury was done or consummated on land, i.e., the pier, his injury was nonetheless caused by a vessel on navigable water because the vessel, docked next to the pier, invited the plaintiff, without warning him of the dangers, to come across the pier to load the vessel. The court in *Heim* declined admiralty jurisdiction. Although *Heim* does not present the exact facts as the case herein, the principles appear to be factually appropriate. It should also be noted that in *Heim,* the owner of the parked vessel was named in the lawsuit and jurisdiction was found to be lacking. Further, the court there also noted that the injuries were not caused by a vessel within the meaning of the Admiralty Extension Act of 1948.