Joseph A. FELIX, Harlon H. Rogers, Plaintiffs,

v.

ARIZONA DEPARTMENT OF HEALTH SERVICES, GOODS, VITAL RECORDS SECTION, Lloyd F. Novick, M.D., M.P.H. Director, Original Birth Certificate, Defendants.

No. CIV 85–202 PHX PGR.

United States District Court, D. Arizona, Fourth Division.

April 17, 1985.

Joseph A. Felix, in pro. per.

Harlon H. Rogers, in pro. per.

Jonathan H. Schwartz, Asst. Chief Counsel, Atty. Gen., Civ. Div., Phoenix, Ariz., for defendants.

## OPINION AND ORDER

ROSENBLATT, District Judge.

■ Before the Court is the defendants' motion to dismiss the amended complaint herein pursuant to Fed.R.Civ.P. 12(b)(6). The Court does not reach the issue of whether the amended complaint fails to state a claim upon which relief may be granted inasmuch as the Court finds that it lacks subject matter jurisdiction over this action and therefore dismisses it pursuant to Fed.R.Civ.P. 12(h)(3). The Court further finds that dismissal of this action is appropriate pursuant to Rule 11(h) of the Local Rules of the District of Arizona, in that the plaintiffs have failed to respond in a timely fashion to the defendants' motion to dismiss and are therefore deemed to have consented to the granting of the motion.

The plaintiffs have designated their amended complaint as one in rem for the return of goods, the goods in question being their original birth certificates on file with the Arizona Department of Health Services, Bureau of Vital Statistics. The plaintiffs allege that their birth certificates are original bills of lading evidencing original voluntary grants of authority and that they are the consignees of the birth certificates with legal right of recovery. In their amended complaint, the plaintiffs request that the Court issue a writ of seizure for the arrest of the birth certificates and enter a judgment in their favor returning their original birth certificates to them. The plaintiffs allege that the Court has the authority to accomplish these requests pursuant to the Court's admiralty and maritime jurisdiction.

■ It is a fundamental principle of law that because federal courts are courts of limited jurisdiction, the constitutionally and statutorily-imposed limits upon federal jurisdiction are to be neither disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374, 98 S.Ct.

2396, 2403, 57 L.Ed.2d 274 (1978). Thus, federal courts are presumed to lack jurisdiction in a particular action unless the contrary affirmatively appears, *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–969 (9th Cir.1981), *cert. denied*, 455 U.S. 948, 102 S.Ct. 1449, 71 L.Ed.2d 662 (1982), and must eschew substantive adjudication unless and until jurisdiction is found. *United States v. 40.60 Acres of Land, etc.*, 483 F.2d 927, 928 (9th Cir.1973). The Court finds that the plaintiffs' complaint fails to affirmatively demonstrate that this Court has subject matter jurisdiction over the instant action. The plaintiffs' contention that their complaint falls within the Court's admiralty and maritime jurisdiction is totally baseless. The plaintiffs' claim that they are entitled to the return of their original birth certificates held by the State of Arizona does not even arguably have a significant relationship to traditional maritime activity, which relationship is the touchstone in determining whether admiralty jurisdiction exists. *Perkins v. Marine Terminals Corp.*, 673 F.2d 1097, 1101 (9th Cir.1982). Any contention on the plaintiffs' part that the Admiralty Extension Act, 46 U.S.C. § 740, provides the Court with subject matter jurisdiction over this action is unavailing since that statute neither created new causes of action, *Louisville 7 N.R. Co. v. M/V Bayou LaCombe*, 597 F.2d 469, 472 (5th Cir.1979), nor expanded the traditional maritime activities which give rise to an admiralty claim. *Heim v. City of New York*, 442 F.Supp. 35, 37 (E.D.N.Y.1977). In short, the allegation in the amended complaint that this action comes within the Court's admiralty and maritime jurisdiction is insufficient to invoke Fed.R.Civ.P. 9(h) and thus designate the action as one in admiralty, *Smith v. Pinell*, 597 F.2d 994, 996–997 n. 2 (5th Cir.1979), and since the complaint fails to plead any facts from which subject matter jurisdiction may otherwise be clearly inferred, subject matter jurisdiction is therefore lacking and dismissal is the appropriate disposition. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir.1983).

The defendants have requested that they be awarded their reasonable attorney's fees pursuant to Fed.R.Civ.P. 11. An award of attorney's fees is appropriate under Rule 11 in this case inasmuch as there is nothing in the allegations of the amended complaint to show that the complaint is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Indeed, the allegations in the amended complaint which purport to establish this action as one in admiralty are so entirely frivolous and patently groundless as to evince an improper purpose on the part of the plaintiffs in making them. Therefore;

IT IS ORDERED that this action is dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3).

IT IS FURTHER ORDERED that the plaintiffs shall pay to the defendants the amount of the reasonable expenses incurred by them as a result of the filing of the amended complaint, including a reasonable attorney's fee. The defendants shall have thirty (30) days from the date of this Order in which to submit time records and affidavits in support of their request for attorney's fees.

IT IS FURTHER ORDERED that the hearing set in this matter on April 29, 1985, at 11:00 a.m. is vacated.