972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
S.B. MITFORD, Plaintiff-Appellant,
v.
Bernard L. MARSH, Defendant-Appellee.
S.B. MITFORD, Plaintiff-Appellant,
v.
Bernard L. MARSH, Defendant-Appellee.
 Nos. 91-35295, 91-35932.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Aug. 25, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal, the culmination of six years of litigation, arises from a breach of contract action originally brought on May 22, 1985, by Plaintiff/Appellant S.B. Mitford in state court seeking to recover $16,765.92 in real estate commissions and $200,000 in punitive damages for "financial and emotional distress" from his former employer Defendant/Appellee Bernard Marsh.
 
 
 3
 On November 6, 1986, the state court dismissed the "financial and emotional distress" cause of action as a sanction against Mitford for failure to comply with court-ordered discovery. On December 2, 1986, the case was remanded from the Superior Court for the State of Alaska to the District Court for the State of Alaska because the remaining damages claim was less than $25,000, an amount within the jurisdiction of the district court.
 
 
 4
 Following a trial in the District Court of the State of Alaska, judgment was entered in favor of Marsh in March, 1988. In an order of April 8, 1988, the Alaska district court ordered Mitford to pay Marsh's attorney's fees finding, inter alia, that Mitford had brought his claim for punitive damages in bad faith and had made numerous meritless motions.
 
 
 5
 On February 20, 1990, Mitford filed this federal action alleging Marsh conspired with the Alaska state court system to deprive him of his constitutional rights in violation of his "rights to Substantive Due Process as guaranteed by the 14th Amendment." On January 24, 1991, United States District Court Judge Andrew Kleinfeld denied Mitford's motion for summary judgment and granted Marsh's cross-motion for summary judgment. Mitford's motion for reconsideration was denied on June 28, 1991. On February 15, 1991, Mitford filed a motion to recuse Judge Kleinfeld pursuant to 28 U.S.C. § 455. The motion was referred to District Court Judge Singleton who, following a hearing, denied the motion by oral order on April 25, 1991. Judge Singleton denied Mitford's motion for reconsideration on May 31, 1991. On February 25, 1991, Marsh filed a motion for attorney's fees and FED.R.CIV.P. 11 sanctions, which was granted by Judge Kleinfeld on June 28, 1991.
 
 
 6
 Mitford presently appeals the orders granting Marsh's cross-motion for summary judgment, denying Mitford's motion to recuse Judge Kleinfeld, and granting Marsh's motion for attorney's fees and sanctions. Marsh seeks attorney's fees for defending this appeal pursuant to 42 U.S.C. § 1988, and sanctions against Mitford's attorney, including damages and/or attorney's fees, pursuant to FED.R.APP.P. 38.
 
 
 7
 We affirm the district court's orders and grant Marsh attorney's fees and double costs pursuant to FED.R.APP.P. 38.
 
 I. 42 U.S.C. § 1985(3) Claim
 
 8
 Mitford argues the district court erred in granting Marsh's cross-motion for summary judgment because Mitford's constitutional rights under 42 U.S.C. § 1985(3) were violated by a "defacto [sic] meeting of minds" between Marsh and Judge Souter, who presided over the case in the state superior court.
 
 42 U.S.C. § 1985(3) provides, in part:
 
 9
 If two or more persons ... conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.
 
 
 10
 (Emphasis added).
 
 
 11
 We agree with the district court that Mitford has failed to state a claim under 42 U.S.C. § 1985(3) because he does not allege or demonstrate any invidiously discriminatory racial or class based animus which is necessary to establish an equal protection violation. Briley v. State of California, 564 F.2d 849, 859 (9th Cir.1977).[1]
 
 II. Recusal
 
 12
 Mitford claims the district court erred in denying his request to recuse Judge Kleinfeld under 28 U.S.C. § 455, because Judge Kleinfeld developed a personal bias against Mitford during judicial proceedings in a prior case, as demonstrated by remarks made by Judge Kleinfeld in the prior proceedings and reference to those proceedings in Judge Kleinfeld's order granting Marsh's cross-motion for summary judgment.
 
 
 13
 The test for personal bias or prejudice in 28 U.S.C. § 455 is identical to that in 28 U.S.C. § 144. United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). In order for the alleged bias and prejudice to be disqualifying under Section 144, it must stem from an extrajudicial source. United States v. Grinnell Corp., 384 U.S. 563 (1966). "Parties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." United States v. Frias-Ramirez, 670 F.2d 849, 853 n. 6 (9th Cir.) (holding biases and beliefs acquired by judge while presiding over the trial of a codefendant were acquired in judicial capacity), cert. denied, 459 U.S. 842 (1982); Corey v. Loui (In re Corey), 892 F.2d 829, 839 (9th Cir.1989) (judicial bias must arise from extrajudicial sources), cert. denied, 111 S.Ct. 56 (1990).
 
 
 14
 In the present case, the district court did not err in denying Mitford's request for recusal because the alleged bias was based on information and beliefs Judge Kleinfeld acquired while acting in his judicial capacity while presiding in a prior case involving Mitford.
 
 III. Attorney's Fees and Sanctions
 
 15
 Mitford argues the district court erred in granting Marsh's motion for attorney's fees under 42 U.S.C. § 1988 and sanctions under FED.R.CIV.P. 11 because his complaint was not frivolous, unreasonable or without foundation.
 
 
 16
 a. 42 U.S.C. § 1988
 
 
 17
 42 U.S.C. § 1988[2] permits the defendant of an action brought under 42 U.S.C. § 1985 to recover attorney's fees "if the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.' " Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).
 
 
 18
 The district court held the present suit "was 'without foundation' and meritless in the sense required for an award to a defendant under 42 U.S.C. section 1988.... [because] [t]he complaint made the scandalous accusation that the state judge had conspired with Marsh and his attorney to deprive Mitford of his civil rights, without any factual or legal basis." Section 1988 attorney's fees awards are reviewed for abuse of discretion. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).
 
 
 19
 We agree Mitford presented no factual or legal basis for his Section 1985 claim. See supra, Part I. Therefore, the district court did not abuse its discretion in awarding attorney's fees to Marsh as provided by 42 U.S.C. § 1988.
 
 
 20
 b. FED.R.CIV.P. 11[3]
 
 
 21
 Pursuant to Rule 11, the district court ordered Mitford's attorney to pay $1,000 in sanctions "because the complaint was not well grounded in fact, nor warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."
 
 
 22
 We apply an "abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 23
 Rule 11 sanctions must be imposed under the following circumstances: (1) where the complaint was frivolous; and (2) where the complaint was interposed for an improper purpose. Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-31 (9th Cir.1986), abrogated on other grounds, Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). Sanctions were proper in the present case because both prongs of the test were met.
 
 
 24
 i. The "Frivolousness" Clause
 
 
 25
 The first prong of the test to determine if Rule 11 sanctions should be imposed is met if the complaint "is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Id. at 831. The pleader need not be correct in his view of the law, but must have an objective good faith belief in the merit of a legal argument which can be attained only after reasonable inquiry. Id. "[T]he conclusion drawn from the research undertaken must itself be defensible. Extended research alone will not save a claim that is without legal or factual merit from the penalty of sanctions." Id.
 
 
 26
 The present claim meets the frivolousness standard set forth in Zaldivar because it was without any legal or factual merit whatsoever. See supra, Part I.
 
 
 27
 ii. The "Improper Purpose" Clause
 
 
 28
 The second prong of the Rule 11 test is met if the complaint has been interposed for any improper purpose. Id. Successive complaints based upon propositions of law previously rejected may constitute an improper purpose of harassment under Rule 11. Zaldivar, 780 F.2d at 832.
 
 
 29
 Here, Mitford's allegations that Marsh and Superior Court Judge Souter entered into ex parte communications for the purpose of depriving him of his substantive due process rights was rejected by every court that addressed the issue. In his Order Denying Motion for Reconsideration, dated November 26, 1986, Judge Souter stated that,
 
 
 30
 [P]laintiff's asserted bases [sic] is not only false but is impertinent. This court's ruling on plaintiff's motion for sanctions was based solely on the record of this case. No ex-parte communication whatsoever occurred, and plaintiff's counsel could not possibly have any evidence to support his suggestion that this court did have such an (unethical) communication.
 
 
 31
 The federal district court also held that Mitford presented no evidence whatsoever to support such a claim. We hold that such a succession of rejected complaints, based upon propositions of law without legal or factual merit, constitute the improper purpose of harassment. See Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 201 (9th Cir.1988); Felix v. Arizona Dept. of Health Services, Goods, Vital Records Section, 606 F.Supp. 634, 636 (D.Ariz.1985).
 
 
 32
 c. FED.R.APP.P. 38
 
 
 33
 Appellee Marsh seeks attorney's fees for defending this appeal and sanctions against Mitford's attorney pursuant to FED.R.APP.P. 38.
 
 
 34
 FED.R.APP.P. 38 provides for just damages and single or double costs to the appellee to defend a frivolous appeal. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Comm'r, 848 F.2d 1007, 1009 (9th Cir.1988). For the reasons set forth supra Part III (a) & (b)(i), we find this appeal utterly frivolous. Accordingly, Marsh is entitled to double costs and attorneys fees pursuant to FED.R.APP.P. 38. Mitford and his counsel are jointly and severally liable. Counsel for Marsh shall file with the clerk of this court within fourteen days affidavits and other records showing fees earned in this appeal. Mitford shall have seven days to respond. An appropriate award shall be made by separate order.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mitford also claims that (1) his civil rights were violated by various acts of the state court judges; and, (2) the District Court of the State of Alaska lacked subject matter jurisdiction to hear his case. These claims are not properly before this court because they allege no wrongdoing on the part of the present defendant. For this reason, any consideration of res judicata is irrelevant
 The issue of whether Mitford was deprived of his civil rights under 42 U.S.C. § 1983 is not raised on appeal. However, we agree with the district court's assessment that Mitford's only evidence in support of such a claim (i.e., his personal affidavit) was not cognizable under FED.R.CIV.P. 56(e) because it consisted of speculation without foundation in personal knowledge.
 
 
 [2]
 42 U.S.C. § 1988 provides, in part:
 In any action or proceeding to enforce a provision of sections 1977, 1978, 1979, 1980, and 1981 of the Revised Statutes [42 USCS. §§ 1981-1983, 1985, 1986], title IX of Public Laws 92-318 [20 USCS §§ 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 USCS §§ 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [3]
 Rule 11 provides in part:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... The signature of an attorney ... constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.